228 So.2d 169 (1969)
Herman H. FUNDERBURK, Plaintiff, Appellant-Appellee,
v.
The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS et al., Defendants, Appellees-Appellants.
No. 2812.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1969.
Rehearings Denied December 4, 1969.
Writs Refused January 9, 1970.
Kramer & Kennedy, by Bernard Kramer, Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., T. C. McLure, Jr., Alexandria, for defendants-appellees.
Before TATE, SAVOY and MILLER, JJ.
MILLER, Judge.
Plaintiff seeks damages for his minor daughter who was injured while a guest passenger in plaintiff's automobile being operated by plaintiff's minor son. The automobile was driven into the rear of a truck which had stopped on a busy city thoroughfare. The trial court held that *170 the negligence of plaintiff's minor son was the sole proximate cause of the accident, and awarded $1,000.00 damages to plaintiff for the use and benefit of his minor daughter. State Farm Mutual Automobile Insurance Company, plaintiff's insurer, was cast for these damages. No award was made for medical expenses for treatment of plaintiff's minor daughter on the basis that the negligence of plaintiff's son was imputed to plaintiff, and the claim for medical expenses was personal to plaintiff. The Millers Mutual Fire Insurance Company of Texas insured the truck, the driver of which was found free from negligence.
Plaintiff appealed devolutively contending first, that negligence of the minor son does not bar the father's recovery of medical expenses incurred by the father in treating his minor daughter. Secondly, plaintiff contends that the award was inadequate.
State Farm appealed suspensively contending first, that the trial court was manifestly in error in failing to find negligence, which was a proximate cause of the accident, by the driver of the stopped truck which was insured by defendant. The Millers Mutual Fire Insurance Company of Texas. Secondly, State Farm contends the award was excessive.
Plaintiff's minor son and daughter both resided with plaintiff and his wife. Neither was emancipated or married.
The accident occurred about 7:40 A.M. on March 20, 1968 in the 3100 block of Lee Street in Alexandria. At this point Lee Street has four lanes, two of which take traffic toward the City and two take traffic away. It is a heavily traveled thoroughfare, and both vehicles involved in this rearend accident were in the inside lane of traffic proceeding toward the City.
Plaintiff's minor son and daughter were vague and not impressive. Essentially, their version was they were following the truck at a reasonable distance. The truck was stopped at the time of impact, but they were not sure how long it had stopped. Both testified that the truck stopped "suddenly". They saw two or three pieces of lumber fall off the truck and swerved to the right to avoid striking this. Plaintiff's minor son applied his brakes, then swerved back to his left and slid into the rear of the truck. He contended that there was no room to pass the truck on the rightnot because of other traffic, but only because the truck was partially blocking both city-bound lanes. Plaintiff's son did not know whether there was traffic holding up the truck, but his sister was certain that there was no city-bound traffic preventing the truck driver from driving ahead. Plaintiff's son admitted that he was conversing with and occasionally looking toward his sister. The only explanation given by plaintiff's minor son to the investigating officer was that he "couldn't stop fast enough."
The record supports the trial court's primary factual determination that the truck driver did not make a sudden stop. He stopped behind a line of traffic, and was therefore free from negligence. We do not find it necessary to discuss the trial court's alternative holding which relieved Millers Mutual from liability even if the truck driver stopped in the inside traffic lane to retrieve a piece of wood.
We are convinced, as was the trial judge, that the sole proximate cause of this accident was the negligence of plaintiff's son in failing to see what he should have seen, and for failing to properly react.
We also affirm the trial court's judgment that the negligence of plaintiff's minor son is imputed to plaintiff so as to prevent him from recovering from his own insurer medical expenses incurred in connection with the care and treatment of his minor daughter.
It has consistently been held that a father cannot recover medical expenses incurred on behalf of a minor child residing with him where he, himself, is guilty of *171 negligence or where negligence of another is imputed to him by law. This is true for two reasons.
First, Article 2318 of the Louisiana Civil Code provides:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors."
In Joffre v. Ike Haggert Machine Works, 100 So.2d 557 (La.App.Orls.1958), two Joffre minors residing with their parents were injured while riding a motorcycle. The Court found that both the operator of the motorcycle and the operator of the other vehicle were negligent. There the Court rejected the demands of the father individually for his medical expenses incurred on behalf of both minors, while granting recovery on behalf of the minor son who was a guest passenger, stating:
"* * * the father and tutor (cannot) recover individually * * * for his own losses occasioned by the accident as his minor son's negligence is by law imputable to him. It is settled jurisprudence that the contributory negligence of an unemancipated minor who lives with him precludes the father from recovery for his damages. This proposition was fully discussed by us in Pancoast v. Cooperative Cab Company, La.App., 37 So.2d 452. See also Epps v. Standard Supply & Hardware Company, La.App., 4 So.2d 790; Curry v. Fendt, La.App., 94 So.2d 164. The same rule has application where the father is a tutor to the minor. LSA-CC Article 2318." 100 So.2d at 562.
Plaintiff-appellant argues that it is settled that negligence cannot be imputed to bar recovery, citing Hardtner v. Aetna Casualty & Surety Co., 189 So. 365 (La. App. 2nd Cir. 1939); McHenry v. American Employers' Ins. Co., 206 La. 70, 18 So.2d 656 (1944); McDowell v. National Sur. Corp., 68 So.2d 189 (La.App. 1st Cir. 1953); Rodriguez v. State Farm Mut. Insurance Co., 88 So.2d 432 (La.App. 1st Cir. 1955). These cases are not in point. The opinions did not interpret or consider the provisions of Louisiana Civil Code Article 2318.

QUANTUM
Miss Terrie Funderburk's head was thrown into the windshield of plaintiff's automobile. She was treated at the hospital, but not hospitalized. She was treated only twice by her physician, Dr. H. L. Prevost. On the day of the accident, he cleaned and sutured the three face wounds. The only other treatment was on March 28th, when he removed the sutures. Shortly before trial, the scars measured as follows: The hairline scar was 2 inches long; the chin scar on the right side was 8/10ths of one inch long; and the scar under the chin was 1 inch long. At trial, Dr. Prevost stated that he was pleased with the cosmetic result. The trial judge examined Miss Funderburk's scars at close range and stated:
"Based on the Court's observation, at very close range, of the sites of the lacerations on Miss Funderburk's forehead, chin and underneath her chin, the Court is of the opinion that only the small scar under her chin is noteworthy. The one at the hairline on her forehead is hardly noticeable and would never be visible to others unless she wore her hair in a severely swept back style which she testified she does not do, and even then at only very close range. The one on her chin is barely noticeable and then, at only extremely close range. The one underneath her chin is about an inch long but it is smooth and not unsightly. It is only visible to others when she tilts her head backward and when the observer is actually looking for it, and at close range."
*172 Dr. Eugene P. Worthin, neurosurgeon of Monroe, Louisiana, was consulted for evaluation purposes. He was of the opinion that the scar on the left chin needed surgical repair. It is apparent that the trial judge did not accept this opinion.
Miss Funderburk testified that she had headaches for several days, together with substantial pain at the site of the wounds. She missed school for three days. According to her the scars were quite visible for several months and she was embarrassed because of them. She indicated that the scar under her chin still pulls when she tilts her head.
The trial judge had the opportunity to see and evaluate the testimony of the injured young lady and the treating physician. We find no manifest error in the award of $1,000 in damages. The cases cited by State Farm which awarded less, and the cases cited by plaintiff which awarded more, are not comparable.
The judgment of the trial court is affirmed. All costs of this appeal are to be paid by State Farm Mutual Automobile Insurance Company.
Affirmed.
On Application for Rehearing.
En Banc. Rehearings denied.