BLANCHE, Judge.
This appeal presents for review solely the question of whether a father may sue his public automobile liability insurer to recover damages sustained by him personally *207 resulting from the negligence of his minor son residing with him. Plaintiff filed suit against defendant alleging that on March 3, 1969, while he was a passenger in an automobile owned by him and being driven by his minor son, he was involved in an automobile accident, which plaintiff alleges was caused solely by the negligent operation of the vehicle by his minor son, Richard C. Bennett. To this petition defendant filed a peremptory exception urging no cause and no right of action, the basis for this exception being that the father is responsible for the negligence of his minor son under Louisiana Civil Code Article 2318 with the result that the son’s negligence is imputed to the father and bars his recovery. The trial court sustained defendant’s exception, and plaintiff perfected this devolutive appeal. We reverse.
This very issue has recently been dealt with by the Third Circuit Court of Appeal in Deshotel v. Travelers Indemnity Company, 231 So.2d 448 (La.App. 3rd Cir. 1970), writ granted, 233 So.2d 248 (La.Sup.Ct). In that case the Third Circuit held that Civil Code Article 2318 did not preclude recovery by the father against his minor son’s insurer and that the situation provided for in Civil Code Article 2318 was analogous to that set forth in Civil Code Article 2320 relative to the liability of masters and employers for damage occasioned by their servants and employees.
In disposing of this peremptory exception, all factual allegations made by the plaintiff must be accepted as true, including his allegation that the sole proximate cause of the accident was the negligent operation of the vehicle by his son. Accordingly, we are not here dealing with the question of whether the father was guilty of any independent negligence which would preclude his recovery such as permitting his son whom he knew to be incompetent to drive the vehicle. Instead, we are here dealing solely with the question of whether the father’s responsibility for his minor son’s torts operates to preclude his recovery for damages sustained by him individually solely as a result of his son’s negligence.
 It is clear that while an employer or principal is responsible for the negligence of his employee or agent as provided in Civil Code Article 2320 and under the doctrine of respondeat superior, the employer or principal vis-a-vis his employee or agent has recourse against the latter, Aetna Casualty & Surety Company v. Allen, 132 So.2d 240 (La.App. 3rd Cir. 1961); Rodriguez v. State Farm Mutual Insurance Company, 88 So.2d 432 (La.App. 1st Cir. 1955), writ denied, and in such a situation the negligence of the agent or employee cannot be imputed to the principal or employer in the suit by the principal or employer against the agent or employee so as to preclude recovery, Rodriguez v. State Farm Mutual Insurance Company, cited supra. We feel, as did the Court in Desh-otel, that the situation provided for in Article 2318 relative to the liability of the parent for torts of the minor is analogous, with the result that while the negligence of the minor is imputed to the parent so as to render the parent liable to a third person injured as a result of such negligence, this imputation of negligence takes effect only with regard to third persons and does not operate so as to preclude recovery by the parent directly against the son or his liability insurer.
As stated by the Court in Deshotel,
“Article 2315, being the touchstone of tort liability in Louisiana, and Articles 2317-2322 being extensions of Article 2315, the principles of codal and statutory construction dictate that a reading of the relevant three articles in sequence will place Article 2318 in its proper perspective:
“‘ARTICLE 2315. Every act whatever of man that causes damage to another obligates him by whose fault it happened to repair it. * * * ’ (emphasis added)
*208 “ ‘Article 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.’ (emphasis added)
“ ‘Article 2318. The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons. * * * ’
“Articles 2317 and 2318 are extensions of Article 2315. In addition to being responsible for one’s own acts which cause damage to another, one is also responsible for the acts of a person or thing for whom or for which one is answerable which causes damage to another. It necessarily follows that under Article 2318, a father is vicariously liable for the damage occasioned to third persons by the torts of his minor children who are unemancipated and are living with him at the time.
“Articles 2317 and 2318 are concerned with the rights of third persons and have no applicability to this case where the Court is not concerned with the rights of third persons. Article 2318 is applicable where the rights of third persons are concerned; i. e., where the father is suing a third person on a cause of action resulting from the concurrent or contributing negligence of his minor child, or where a third person is suing a father on a cause of action based on the negligence of his minor child. In the first case, the negligence of the minor child is imputed and bars the father’s right to recover against the third person, and in the second case, the negligence of the minor child is imputed to the father, rendering him liable to third persons for the negligence of his child.
* * * * * *
“If this accident had involved another driver-tortfeasor, who would have been a co-tortfeasor with plaintiff’s son, then plaintiff would be barred from recovering against the other tortfeasor as well as the other tortfeasor’s insurer because of his son’s negligence. But this does not bar the father’s recovery against the son’s insurer. And, if another vehicle had been involved without negligence of the other driver (the son being the sole cause), then plaintiff would be responsible in damages to the third person but could nevertheless recover his own damages from the son’s insurer. This is the law in all situations in which one is vicariously responsible for the tort of another and has sustained damages himself from his agent’s negligence. See Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).”
(Deshotel v. Travelers Indemnity Company, 231 So.2d at 453, 455)
As clearly stated by this Court in Rodriguez, cited supra, the agent may not urge imputation of his negligence to his principal so as to defeat the principal’s suit against the agent, although as respects third persons, such imputation of negligence would occur. Similarly, insofar as a suit by the father against the minor is concerned, the negligence of the minor cannot be imputed to the father so as to bar his recovery, even though as respects third persons such imputation of negligence would occur. All of the cases cited by defendant-appellee and those relied on by the trial court involve the rights of the parent vis-a-vis third persons either as plaintiffs or as defendants in which cases imputation of negligence occurs but none of these cases apply strictly to the situation of the rights of the parent vis-a-vis his negligent minor, and none of these cases is authority for imputation of negligence in the latter situation.
*209 For the foregoing reasons, the judgment of the trial court sustaining- the peremptory exception urging no cause and no right of action is reversed, and this case is remanded to the trial court for further proceedings consistent herewith. All costs of this appeal are assessed to defendant-appellee,
Reversed and remanded.