243 So.2d 259

Noah DESHOTEL

v.

TRAVELERS INDEMNITY COMPANY.

No. 50442.

Jan. 18, 1971.

Daniel J. McGee, Mamou, Andrew Vidrine, Church Point, for plaintiff-appellee-respondent.

Davidson, Meaux, Onebane & Donohoe, Burgess E. McCranie, Jr., Lafayette, for defendant-appellant-relator.

David S. Foster, Lafayette, for amicus curiae.

BARHAM, Justice.

We granted certiorari in this case to review a judgment of the Third Circuit Court of Appeal. 231 So.2d 448. Subsequently we granted certiorari in the case of Laddie J. Bennett v. Employers' Liability Assurance Corporation, Ltd., to review a judgment of the First Circuit Court of Appeal involving the same issue. 238 So. 2d 206. We consolidated the two cases for argument. See Bennett v. Employers' Liability Assurance Corporation, Ltd., this day decided, 257 La. 575, 243 So.2d 262.

The precise question presented in each of these cases is whether a father injured through his minor son's negligence may bring a direct action for his damages against his insurer, which, under the policy's omnibus clause, is also the insurer of the minor son.

The plaintiff in this case, Noah Deshotel, was injured in an accident while riding in a car owned by him and driven by his unemancipated minor son, Ronald. It is conceded in this court that Ronald's negligence caused the injuries suffered by his father. The father has sued his insurer, Travelers Indemnity Company, under the direct action statute, R.S. 22:655, because his son is an insured under the omnibus clause of the policy. The trial court gave judgment for the policy limits, $5000.00, with legal interest and costs, and the Court of Appeal affirmed.[1]

The principal contention of the defendant is that under Article 2318 of the Civil Code the negligence of the minor son must be imputed to the father, who is thus effectively barred from recovery.

■ If the father has a cause of action against his minor son for his personal damages resulting from the son's delicts, it is found under Civil Code, Article 2315: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Article 2318 makes the father, or after his death the mother or the tutor, of the minor responsible for the damage occasioned by the minor's delicts. However, Article 2318 does not relieve the minor of his responsibility for his tortious conduct, and other codal provisions expressly recognize the minor's responsibility for his own delicts. Article 1785 provides: "The obligation arising from an offense or quasi offense, is also binding on the minor." Article 1874 reads: "He [the minor] is not relievable against obligations resulting from [his] offenses or quasi offenses." This same provision is found in Article 2227. Additionally, our jurisprudence has recog-

1. On rehearing by per curiam that court noted the conflict with Funderburk v. Millers Mutual Fire Insurance Company of Texas, 228 So.2d 169, decided by that same circuit on October 30, 1969, only a few months previously, writs refused 255 La. 158, 229 So.2d 735; 255 La. 159, 229 So.2d 736.

nized that there is a cause of action in others against the minor for his delicts. The procedure for exercising this cause of action is through suit against the minor's legal representative.

Since others have a cause of action against a minor for his offenses and quasi-offenses, the question then arises as to whether the father of a minor child is excepted and denied a cause of action for his personal damage resulting from the delicts of that minor. Article 2315 makes no exception as to those who are entitled to recompense for the damages occasioned them by others. There is no article in the Civil Code, no article in the Code of Civil Procedure, and no statutory provision which deprive the father of a *cause* of action against his minor child for the child's delicts which cause damage to the father.

Moreover, nowhere is there any provision of law which deprives the father of the *right* of action against the child for his delicts. However, R.S. 9:571 (formerly Article 104 of the Code of Practice) bars a suit by an unemancipated minor child against either parent during their marriage, and R.S. 9:291 prohibits a suit by a wife against her husband during marriage except for certain specified purposes.

These Code ancillaries necessarily recognize the existence of a *cause* of action but deny the *right* of action during the existence of the particular familial relationship. We have allowed a child to sue the estate of his deceased father for the wrongful death of his mother resulting from the negligence of the father. Ruiz v. Clancy, 182 La. 935, 162 So. 734. Although as between husband and wife during marriage there is no right of action, we have repeatedly held that the wife has a cause of action against the husband for his delicts which cause her damage, and we have held under the direct action statute that the defense against the accrual of a right of action during marriage is personal to the husband and is not a defense available to the husband's insurer. Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191; Le Blanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245.

From all this legislation and jurisprudence we conclude that the father has a *cause* of action against his minor son for damages resulting from the minor's delictual acts. Moreover, there now exists no bar, either legislative or jurisprudential, to a *right* of action in the father during the minority of the child.[2] If the child has a

---

2. We express no opinion at this time on whether public policy would deny the father a right of action directly against a minor son. Since the present suit is against the insurer, that question is not presented. We are cognizant of a problem in semantics in using "right of action", the exception which raises absence of interest in the plaintiff. "Immunity from suit" is more descriptive and precise. Regardless of terminology, the issue would be raised by a peremptory exception and

defense of no right of action, it would be personal to him and could not be relied upon by his insurer. Edwards v. Royal Indemnity Co., and LeBlanc v. New Amsterdam Casualty Co., both cited above.

■ As previously stated, the defendant's principal contention is that Article 2318 is applicable to the case at hand and bars a father's recovery from his son for the minor's negligent acts because those negligent acts are imputed to the father. The Court of Appeal correctly concluded that Article 2318 is inapplicable here, and that it determines only the responsibility of the father for the delicts of the minor child in relation to third parties. Article 2318 does not create negligence in the father because of the minor's negligent acts; it merely attaches financial responsibility to the father for the delicts of his minor child. See Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138; Johnson v. Butterworth, 180 La. 586, 157 So. 121; Barham, Liability Without Fault, XVII La.Bar J. 271 (1970). Article 2318

has no application to the instant case in which the father's claim is against the insurer of his son for damages which inure directly and only to his own benefit as compensation for his personal losses.

■ It has also been urged that the father becomes here both debtor and creditor, and that when the qualities of debtor and creditor are united in the same person, confusion extinguishes the obligation; that where confusion takes place in the person of the principal debtor, it also avails the surety. La.Civ.Code, Arts. 2217, 2218. In the instant case, under Article 2315 the debtor is the minor son, and the damage sued for is a debt due only to the father. There is one debtor, and one creditor; they are separate entities.[3]

For the above reasons the judgment of the Court of Appeal is affirmed. All costs of this suit are to be paid by the defendant.

TATE, J., recused having participated in Court of Appeal consideration.

not by the dilatory exception of lack of procedural capacity. We use "right of action" advisedly here since Code of Civil Procedure Article 927 allows the court, on its own motion and at all levels, to note failure to disclose a right of action. If this defense is available here, it should be accorded this legal dignity.

3. This suit does not involve a claim for a debt which could inure to the benefit of the negligent child, such as a debt for that child's medical expenses for which the father is responsible. In such a case

we might be concerned with derivative negligence rather than with imputed negligence. To avoid confusion, we note that in Funderburk v. Millers Mutual Fire Insurance Company of Texas (La.App.3rd Cir. 1969), 228 So.2d 169, the father was suing for his damages which were the medical expenses of one of his minors incurred because of the negligence of another of his minors. The principles laid down in this opinion are applicable to Funderburk, and that case is specifically overruled.