243 So.2d 262

Laddie J. BENNETT

v.

EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, Ltd.

No. 50863.

Jan. 18, 1971.

Edwins, Cave & McKay, Donald G. Cave, Baton Rouge, for plaintiff-appellant-respondent.

Durrett, Hardin, Hunter, Dameron & Fritchie, Emile C. Rolfs, III, Baton Rouge, for defendant-appellee-applicant.

BARHAM, Justice.

We granted writs on application of the defendant, and since this case involves the same issue as Deshotel v. Travelers Indemnity Company, we ordered the cases consolidated for argument. See Deshotel v. Travelers Indemnity Co., infra.

The plaintiff in the instant case, Laddie J. Bennett, filed suit against his automobile insurer, alleging that he received personal injuries and was otherwise damaged by the negligent operation of his automobile by his minor child, Richard C. Bennett. The suit was instituted under the direct action statute, R.S. 22:655, against Employers' Liability Assurance Corporation, Ltd., upon the contention that it was the insurer of the minor child Richard under the omnibus clause of the insurance policy. The defendant filed peremptory exceptions of no cause of action and no right of action, contending that under Louisiana law a father may not recover damages for injuries suffered as a result of the negligence of his minor son. The trial court sustained the peremptory exceptions and dismissed plaintiff's suit. On appeal the First Circuit reversed and remanded the case to the trial court.* 238 So.2d 206.

For the reasons assigned in Deshotel v. Travelers Indemnity Company, this day decided, 257 La. 567, 243 So.2d 259, the judgment of the Court of Appeal, First Circuit, which reversed the trial court's judgment sustaining the exceptions is affirmed, and the case is remanded to the district court for further proceedings. The casting of costs is stayed until final adjudication of the parties' rights in that court.

* This court is reluctant to grant writs to review a judgment which is not final, but because of the pendency in this court of Deshotel v. Travelers Indemnity Co., which involved the identical issue and which would be decisive of this case, we granted this writ.