DOMENGEAUX, Judge.
This is an action in tort wherein plaintiff-appellant William Wooten sued defendant-appellee Howard V. Wimberly, Jr. for injuries sustained by plaintiff’s minor son William Keith Wooten as the result of an accident which occurred on May 7, 1965. Young Wooten was riding a bicycle when it collided with an automobile, owned by Howard V. Wimberly, Sr. and being driven by his then minor son, the defendant herein. Defendant filed numerous exceptions and pleas, one of which was the plea of liberative prescription of one year, which was maintained by the district court. Plaintiff’s suit was thereby dismissed at his cost, and he appealed the adverse judgment to this court. We affirm.
There is no dispute as to the pertinent facts before this court. This appeal presents only questions of law.
Defendant Howard V. Wimberly, Jr. was born on October 31, 1944 and therefore was not yet 21 years of age at the time *122 of the accident. As a result of the accident, plaintiff filed a first suit based on the negligence of Howard V. Wimberly, Jr. in the Fourteenth Judicial District Court in and for Calcasieu Parish, Louisiana, for damages for the alleged injuries to his minor son, against Howard V. Wimberly, Sr., the owner of the Wimberly automobile and State Farm Mutual Automobile Insurance Company, his liability insurer. Howard V. Wimberly, Jr., was not made a defendant in that suit which alleged liability on the part of Howard V. Wimberly, Sr. because he was the father of the then minor Howard V. Wimberly, Jr. It was filed on April 6, 1966 but was not submitted to the trial court for decision until July 30, 1969. The trial court, in that case, concluded that Howard V. Wimberly, Jr. was free of negligence approximately causing the accident and dismissed the suit against his father and the liability carrier. The case was appealed to this court and we affirmed the district court’s decision on March 12, 1970. (See 233 So.2d 682.) We denied a rehearing and the Louisiana Supreme Court denied writs on June 26, 1970. (See 256 La. 359, 236 So.2d 496.) On June 17, 1970, a few days before our Supreme Court acted in refusing writs, plaintiff filed the present suit, in the same district court, which for all intents and purposes, is identical to the first suit except that the only defendant is Howard V. Wimberly, Jr., who at the time of the filing, was almost 26 years of age.
In maintaining defendant-appellee’s plea of prescription in the present suit on the ground that more than one year had elapsed between the filing of this suit and the time that Howard V. Wimberly, Jr. had reached his majority, the trial judge reasoned that liability of a parent under La. Civil Code 2318 is vicarious only, and there is no solid-ary obligation between the parent and the minor, and consequently a suit against the parent would not interrupt the running of prescription against the minor.
The plaintiff-appellant contends that under La.C.C. Art. 2318 a father is liable in solido for the delicts of his minor child and that under La.C.C. Art. 3552, suit against one debtor in solido interrupts prescription with regard to all other debtors in solido, and, such being the case, the first suit filed on April 6, 1966 against Mr. Wim-berly, Sr. served to interrupt the running of prescription against Mr. Wimberly, Jr., and that said interruption continued through June 26, 1970, which was the date on which the Supreme Court denied writs in the first suit.
As a preliminary proposition, our law and jurisprudence establishes that a joint tort feasor is liable in solido with another joint tort feasor, this being so by virtue of Art. 2324 of the Louisiana Civil Code. In neither the first nor second suit is there an allegation or suggestion that Howard V. Wimberly, Sr. was a joint tort feasor with his son Howard V. Wimberly, Jr. in the accident of May 7, 1965; in fact, Mr. Wimberly, Sr. was sued in the first suit by virtue of his parental relationship with Mr. Wimberly, Jr., based on the latter’s negligence. Therefore we are not concerned in this matter with any independent negligence, presumed or actual, of the father. If appellant is to prevail herein it must be on a basis other than the father being categorized as a joint tort feasor.
Article 2318 of the Louisiana Civil Code reads as follows:
“Art. 2318. The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.”
Article 237 of the Louisiana Civil Code reads as follows:
“Art. 237. Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in *123 the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.”
 The Louisiana Supreme Court, in Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138, interpreted these articles, and concluded that the liability of the parent thereunder is vicarious, and if the child is old enough to be capable of fault and is in fact, at fault, the liability of the parent is fixed, provided of course, the minor is residing with the parent at the time. Again, referring to Art. 2318, the high court in Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259, said:
“ * * * Article 2318 does not create negligence in the father because of the minor’s negligent acts; it merely attaches financial responsibility to the father for the delicts of his minor child.”
The above expressions by our Supreme Court leave no doubt that the father’s liability under the aforementioned article is only vicarious. This liability arises out of the relationship of the parent created by the Civil Code and is comparable or analogous to the liability imposed upon the master and employer under Art. 2320 of the Code for damages occasioned by his servant or employee’s negligence. Bennett v. Employers Liability Assurance Corp., La.App., 238 So.2d 206. The master in that situation is not considered a joint tort feas- or with the servant, as the liability of the master is purely derivative and, based solely upon the doctrine of respondeat superior. Williams v. Marionneaux, 240 La. 713, 124 So.2d 919. A master or employer is not liable in solido for the tort of his employee when there is no showing that they are joint tort feasors. Little v. State Farm Mutual Automobile Insurance Company, La.App., 177 So.2d 784.
In the present situation, the absolute liability of the parent for the negligence of the minor is based on a parent-child relationship and such liability is derivative or secondary in all cases, except of course, where the father, or after his decease, the mother, is himself or herself, a joint tort feasor.
We hold, in view of the vicarious, secondary or derivative status of the parent in a case such as the one before us, that such relationship does not impose solidary liability on the parent. In this connection, appellant cites the case of Kern v. Knight, 13 La.App. 194, 127 So. 133 (1930) in which instance the court indicated that a father and minor son were held in solido for damages resulting from the negligence of the minor. That case involved the effect of service of process where both father and son were sued, but cited and served at different times. To the extent that Kern indicated a solidary obligation between father and son under the facts therein, we disagree.
But appellant contends, notwithstanding,' that whereas a master may sue his servant for reimbursement which he is required to pay to a claimant resulting from the servant’s negligence, this important consequence of the master-servant relationship is not available to a parent under the parallel parent-child relationship. He says, in effect, that under Louisiana law a parent cannot sue the minor child to recover from the minor’s estate any amount which the parent has had to pay as a consequence of the minor’s negligence. We disagree.
In an elucidation on the subject of a father’s right and cause of action against a minor son for damages resulting from the minor’s torts, the Supreme Court in Deshotel, supra, stated:
"If the father has a cause of action against his minor son for his personal damages resulting from the son’s delicts, it is found under Civil Code, Article 2315: ‘Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.’ Article 2318 makes the father, or after his death the mother or the tutor, of the minor responsible for the damage occasioned *124 by the minor’s delicts. However, Article 2318 does not relieve the minor of his responsibility for his tortious conduct, and other codal provisions expressly recognize the minor’s responsibility for his own delicts. Article 178S provides: ‘The obligation arising from an offense or quasi offense, is also binding on the minor.’ Article 1874 reads: ‘He [the minor] is not relievable against obligations resulting from [his] offenses or quasi offenses.’ This same provision is found in Article 2227. Additionally, our jurisprudence has recognized that there is a cause of action in others against the minor for his delicts. The procedure for exercising this cause of action is through suit against the minor’s legal representative.
“Since others have a cause of action against a minor for his offenses and quasi-offenses, the question then arises as to whether the father of a minor child is excepted and denied a cause of action for his personal damage resulting from the delicts of that minor. Article 2315 makes no exception as to those who are entitled to recompense for the damages occasioned them by others. There is no article in the Civil Code, no article in the Code of Civil Procedure, and no statutory provision which deprive the father of a cause of action against his minor child for the child’s delicts which cause damage to the father.
“Moreover, nowhere is there any provision of law which deprives the father of the right of action against the child for his delicts. However, R.S. 9:571 (formerly Article 104 of the Code of Practice) bars a suit by an unemanci-pated minor child against either parent during their marriage, and R.S. 9:291 prohibits a suit by a wife against her husband during marriage except for certain specified purposes. These Code ancillaries necessarily recognize the existence of a cause of action but deny the right of action during the existence of the particular familial relationship. We have allowed a child to sue the estate of his deceased father for the wrongful death of his mother resulting from the negligence of the father. Ruiz v. Clancy, 182 La. 935, 162 So. 734. Although as between husband and wife during marriage there is no right of action, we have repeatedly held that the wife has a cause of action against the husband for his delicts which cause her damage, and we have held under the direct action statute that the defense against the accrual of a right of action during marriage is personal to the husband and is not a defense available to the husband’s insurer. Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191; Le Blanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245.
“From all this legislation and jurisprudence we conclude that the father has a cause of action against his minor son for damages resulting from the minor’s delictual acts. Moreover, there now exists no bar, either legislative or jurisprudential, to a right of action in the father during the minority of the child. 5jS * * »
Our conclusion therefore is that the parent-child relationship referred to herein is analogous to the master-servant relationship, not only in the particulars referred to hereinabove, but also to the extent that a parent is entitled to reimbursement from the minor’s estate for any amount which the parent must pay as a consequence of the minor’s negligence.
Accordingly we find that barring the independent negligence of the father, he is not a solidary obligor with his son for the latter’s torts any more than is a master for those of his servant.
The trial court was therefore correct in maintaining the exception of prescription, and having reached this conclusion it is not necessary for us to discuss or dispose of the other exceptions and pleas filed by defendant-appellee.
*125 For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
Affirmed.