383 So.2d 1289 (1980)
Dale GAUDET, Ind., etc., et al.
v.
G. D. C., INC., et al.
No. 13136.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
Michael Harson, James J. Adams, Lafayette, of counsel, for plaintiffs-appellants Dale Gaudet, Ind., Etc., et al.
Michael V. Clegg, J. Glenn Dupree, Baton Rouge, of counsel, for defendant-appellee G. D. C., Inc.
Calvin G. Norwood, Jr., New Orleans, of counsel, for defendant-appellee Chrysler Corp.
Paul H. Spaht, Baton Rouge, of counsel, for defendant-appellee Albert Switzer & Associates, Inc.
W. S. McKenzie, Baton Rouge, of counsel, for defendant-appellee American Concrete Company.
Frank J. Gremillion, Baton Rouge, of counsel, for defendant-appellee City of Baton Rouge & Parish of East Baton Rouge.
James E. Moore, Baton Rouge, of counsel, for defendant-appellee Dixie Electric Membership, Corp.
William N. Faller, Calvin E. Hardin, Jr., Baton Rouge, of counsel, for defendant-appellee American Motorists Insurance Co.
Before COVINGTON, LOTTINGER and COLE, JJ.
*1290 COVINGTON, Judge.
This is an appeal by the plaintiff, Dale Gaudet, individually and as natural tutor of his minor son, Glenn Gaudet, from a judgment in favor of defendant, American Motorists Insurance Company, maintaining defendant's peremptory exceptions of no cause and right of action. We affirm.
This suit arises out of an action for damages, for crippling personal injuries resulting from a one-vehicular collision with a street-light standard, brought by Dale Gaudet, individually and in his capacity of administrator and natural tutor of the estate of his minor son, Glenn Gaudet, against multiple defendants,[1] including the defendant insurer (designated as Kemper Insurance Companies in the original petition). The basis for the action against the defendant insurer is specifically set out in paragraphs XXVIII-XXX, as follows:
"XXVIII.
"That defendant, Kemper Insurance Companies, had issued a policy of automobile liability insurance covering the vehicle involved in this accident, which was in full force and effect at all times pertinent to this litigation.

"XXIX.
"That under the said policy, Kemper Insurance Companies did obligate itself to pay on behalf of any authorized person operating the said automobile any and all damages sustained by third parties resulting from the negligent operation, maintenance, or use of the insured vehicle.
"XXX.
"That in the alternative and in the event that it is found that Glenn Gaudet was guilty of any negligence which would constitute the proximate cause of the accident made the basis of this litigation, which is at all times expressly denied, then it is alleged that Kemper Insurance Companies would be liable to Dale Gaudet, Individually, for any and all damages sustained by him resulting from the accident involved in this litigation."
The foregoing is primarily an alternative demand by Dale Gaudet individually that in the event Glenn Gaudet should be found negligent in causing the accident, Dale Gaudet, as Glenn's father, should collect his own personal monetary expenses, i. e., medical expenses incurred in the treatment of Glenn, from the liability insurance carrier on the automobile which was operated by the son at the time of the accident. The petition does not allege any specific acts of negligence on the part of Glenn Gaudet, upon which the demand against the appellee depends, but affirmatively avers that Glenn Gaudet was in no way negligent.
The question presented is whether a parent may recover medical expenses incurred as a result of injury to his minor child residing with him when the injury is caused solely by the fault of the minor child. We hold that such a parent may not recover medical expenses.
In LaHitte v. Acme Refrigeration Supplies, Inc., 192 So.2d 172 (La.App. 4 Cir. 1966), writ refused, 250 La. 99, 194 So.2d 98 (1967), the Court denied recovery to a husband (co-plaintiff) for special damages for medical expenses incurred by him as a result of his wife's injuries which were caused by the negligence of his minor son, the *1291 driver of the father's car, in a suit against the other vehicle's owner and insurer. The Court held that the son's negligence was imputed to the father so that his recovery was barred.
In Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (La.App. 3 Cir. 1968), writ refused 252 La. 460, 211 So.2d 328 (1968), the Court imputed the negligence of this minor child to the father and barred his recovery individually for special damages, i. e., medical expenses, for both of his children (one of which was the driver) who were injured in the accident which was caused by the combined negligence of both drivers of the vehicles involved. See also Glass v. Toye Brothers Yellow Cab Company, 160 So.2d 329 (La. App. 4 Cir. 1964).
We believe the rationale of the Fontenot case is dispositive of the instant case. The plaintiff herein can not recover because the negligence of the son, (presumed for purposes of this exception) is imputed to the father. The negligent operation of the automobile, which caused the injury to the minor child, precludes the father from recovering the expenses which, as a parent of the child, he was under a legal obligation to incur in the son's treatment.
Even under the duty-risk theory, the duty of the son to operate the automobile in a non-negligent manner does not extend to the risk that the father would be obligated to pay the son's medical bills which were incurred as a result of the negligent operation. See Olinde v. American Employers Insurance Company, 376 So.2d 1027 (La. App. 1 Cir. 1979).
The case of Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971), relied upon by appellant, is distinguishable. There the father sued his liability insurer for personal injuries he sustained in an accident while riding in a car owned by him and driven by his minor son. The accident was caused by the negligent driving of the son.
This situation is also distinguishable from the one in Bennett v. Employers Liability Assurance Corporation, 238 So.2d 206 (La. App. 1 Cir. 1970), affirmed, 257 La. 575, 243 So.2d 262 (1971), where the father, injured as a passenger in a vehicle negligently operated by the minor child, was not precluded from recovering for his own personal damages against the minor child's insurer.
Accordingly, we affirm the judgment of the trial court maintaining the peremptory exceptions of American Motorists Insurance Company at appellant's costs.
AFFIRMED.
NOTES
[1] The demand of Dale Gaudet, in his individual capacity and as administrator and natural tutor for the benefit of his son, Glenn, is against a number of defendants, including the owner-developer of the subdivision where the alleged accident occurred (G.D.C., Inc.), the engineers of the subdivision (Albert Switzer and Associates, Inc.), the manufacturer of the automobile involved (Chrysler Motor Corporation), the seller of the automobile (Standard Motor Car Company), the governmental authority which accepted the dedication of the roadway involved (City/Parish Governmental Agency), the utility company charged with placing the particular light standard involved (Dixie Electric Membership Corporation), the company which manufactured the light standard (American Concrete Company), and the appellee herein. The owner of the automobile (Gambles C & M Leasing Company) and the lessee of the automobile (Avon Products, Inc.) were not sued, although were referred to in the petition.