GUIDRY, Judge.
This is a wrongful death action brought by Barbara Callender, the surviving spouse of Everett Callender, against Rockwood Insurance Company (Rockwood), Louisiana Pacific Corporation (LPC), and Jimmy Ray Dunn for the death of Everett Callender. The suit was consolidated at the trial level with a similar action filed by Carolyn Cal-lender Wells, the former wife of Everett Callender, on behalf of the decedent’s two minor children, Shannon Callender and Chad Callender. LPC was dismissed from both actions pursuant to a settlement arrangement between LPC and plaintiffs. Rockwood moved for a summary judgment in both cases, which was subsequently denied by the trial court. Rockwood applied to this court for a supervisory writ seeking review of the trial court’s decision denying the motion for summary judgment. A writ was granted by this court on December 15, 1986, with an attached order for the trial court to stay all proceedings in the matter pending further action by this court.
The issue presented for review is whether a surviving spouse and dependent children may recover damages from their decedent’s general liability insurer for the decedent’s death caused by the negligent acts of one of decedent’s employees.
Everett Callender was killed as the result of a tragic accident which occurred on September 20, 1983, near Olla, Louisiana in LaSalle Parish. Everett Callender was in the logging business and provided his own equipment and employees for various logging jobs. On the aforesaid date, Everett Callender and his employees, including Jimmy Ray Dunn, were performing lumbering operations pursuant to a contract with Louisiana Pacific Corporation on the latter’s premises. During the course of the opera *585 tions, Dunn cut a tree which fell upon Everett Callender causing his instant death.
At the time of his death, Everett Callen-der had in effect a policy of general liability insurance furnished by defendant, Rock-wood. The liability policy was classified as a “Manufacturers’ and Contractors’ ” policy and covered Callender’s operations. Callender is the only named insured. Plaintiffs seek recovery under this policy.
In support of its motion for summary judgment, Rockwood urges that the plaintiffs are precluded from recovery under said policy because (1) their exclusive remedy would be against LPC under the provisions of the Louisiana Worker’s Compensation Act; and, (2) the policy contains certain exclusionary provisions which bar recovery under the circumstances. In response, plaintiffs argue that the provisions of La.R.S. 23:1032 and 1035 do not operate so as to bar their recovery against Rock-wood; and, since, under the theory of re-spondeat superior, Everett Callender is responsible for the delicts of Dunn, occurring during the course and scope of the latter’s employment with Callender, Rockwood, as Callender’s liability insurer, is liable to plaintiffs for Dunn’s negligent conduct. In support of this latter argument, plaintiffs rely on Deshotel v. Travelers Indemnity Co., 243 So.2d 259 (La.1971).
A hearing on the motion was held following which the court took the matter under advisement. On October 24, 1986, the trial court handed down the following written reasons for judgment denying Rockwood’s motion for summary judgment:
“In determining the question raised by the Motion For Summary Judgment, the Court can only consider the record as it stands to determine whether or not there is a genuine issue as to material fact. See Louisiana Code of Civil Procedure Art. 966. At the time of this accident, Everett Callender was in the logging business and provided his own equipment and employees. He had contracted with LOUISIANA PACIFIC to cut and haul timber owned by LOUISIANA PACIFIC. The timber was to be hauled through the LOUISIANA PACIFIC premises. At the time of the accident Everett Callender was performing his usual and customary duties within the course and scope of his employment. JIMMY RAY DUNN was an employee of Everett Callender and was the party responsible for cutting the tree which fell on and killed Everett Cal-lender.
Louisiana Revised Statute 23:1032 provides that the remedies granted pursuant to the Louisiana Worker’s Compensation Act are exclusive of all other rights or remedies that the employee or his dependent might have
.against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable, sickness, or disease.
In this case, Everett Callender is not bringing an action against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer. It is not even being brought against the Worker’s Compensation insurer of any one of those individuals or companies. The action before the Court is one brought by Everett Callender against his own liability insurance carrier who has provided him a policy of manufacturers and contractors general liability insurance. There appears to be no prior judicial determination of this issue as it applies in a worker’s compensation situation, but the Louisiana Supreme Court has previously faced the issue in an automobile liability insurance concept. In the case of Deshotel v. Travelers Indemnity Company, [257 La. 567] 243 S[o].2d 259 (S.C.1971), the Court found that a father who was the named insured on a policy of automobile liability insurance was entitled to recover personal damages under that policy when such personal damages were sustained while riding in the vehicle at a time the vehicle was being ■ operated by his unemanci-pated minor son.
The Louisiana Supreme Court established this similar issue to be as follows:
Since others have a cause of action against a minor for his offenses and *586 quasi offenses, the question then arises as to whether the father of a minor child is excepted and denied a cause of action for his personal damage resulting from the delicts of that minor. Id at page 260.
The Court basically found that although the negligence of the minor child is imputed to the father, such imputation by the Civil Code does not create negligence in the father because of the minor’s negligent acts, but merely attaches financial responsibility to the father. It was therefore found that Louisiana Civil Code Art. 2318 does not apply to a case where a father brings a cause of action against his own liability insurer for damages caused by his son. The same argument as presented by DEFENDANT herein was made in the Deshotel case by the defense and in rejecting that argument, the Louisiana Supreme Court made the following finding:
It has also been urged that the father becomes here both debtor and creditor, and that when the qualities of debtor and creditor are united in the same person, confusion extinguishes the obligation; that where confusion takes place in the person of the principal debtor, it also avails the surety. In the instant case, under Article 2315 the debtor is the minor son and the damage sued for is a debt due only to the father. There is only one debtor and one creditor; they are separate entities. Id at page 261.
Applying the rationale of Deshotel to the instant case, the Court can only conclude that the PLAINTIFFS in the instant action are in basically the same position as the Plaintiff in Deshotel. The policy exclusion relied upon by DEFENDANT herein is not applicable because there is no obligation owed to Everett Callender that ROCKWOOD INSURANCE COMPANY or any other worker’s compensation carrier of Everett Callender would be liable. Louisiana Revised Statute 23:1101 provides for rights against third parties and the Court finds ROCKWOOD INSURANCE COMPANY to be a third party within the intenment [sic] of that statute.”
We granted a writ in this case because we questioned the correctness of the trial court’s reliance on Deshotel, supra, in concluding that the surviving widow and children of the decedent had a cause of action against their decedent’s own liability insurer. For the reasons which follow, we conclude that, under the terms of the Rock-wood policy, Rockwood is not responsible in damages for the wrongful death of Everett Callender caused by the negligence of his employee, Jimmy Ray Dunn. Therefore, we find it unnecessary to consider whether the provisions of La.R.S. 23:1032 and 1035 and the worker’s compensation exclusions in Rockwood’s policy would serve to bar plaintiffs’ right of recovery in the instant case.
The trial court’s ruling was based on the Supreme Court case of Deshotel v. Travelers Indemnity Co., supra. We find the instant case clearly distinguishable from Deshotel for the following reasons. In Deshotel, the father filed a direct action against his liability insurer for the personal injuries which he sustained in an automobile accident while riding in a car owned by him and driven by his minor son. The accident was caused solely by his son’s negligence. However, under the insurance policy’s omnibus clause, the son was also an insured under the policy. The court therefore resolved the issue of confusion by determining that the real debtor was the minor son and the damage sued for was a debt due only to the father, the creditor.
The pivotal distinction between Deshotel, supra, and the instant case is the fact that Rockwood’s policy extends no coverage to Dunn, as an individual insured. Everett Callender is the sole named insured under the Rockwood policy. Dunn is not a named insured and there are no provisions in the policy extending coverage to Dunn as an omnibus insured. Such being the case, it necessarily follows that, under the theory espoused by plaintiffs, Everett Callender becomes both debtor and creditor. Thus, Rockwood’s obligation for the delict of Dunn, arising under the doctrine of respon- *587 deat superior, insofar as Everett Callender is concerned, would be extinguished by confusion, as Callender would have been both debtor and creditor. La.C.C. arts. 1903, 1904. Addison v. Employers Mut. Liability Ins. Co. of Wisconsin, 64 So.2d 484 (La.App. 1st Cir.1953); Dumas v. United States Fidelity & Guaranty Co., 241 La. 1096, 134 So.2d 45 (La.1961).
Considering the above, the issue then becomes whether plaintiffs have a viable cause of action under La.C.C. art. 2315.2 for the wrongful death of Everett Callen-der against Rockwood. We conclude that they do not.
In Guidry v. Theriot, 377 So.2d 319 (La. 1979), our Supreme Court considered the nature of the survival and wrongful death actions stating as follows:
“We conclude that each of these actions is a separate and distinct cause of action. Although both actions arise from a common tort they are, nevertheless, separate and distinct because each arises at a different time. The survival actions comes into existence simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the victim’s death. The wrongful death action does not arise until the victim dies. Each right addresses itself to the recovery of damages for totally different injuries and losses. The survival action permits recovery only of the damages suffered by the victim from the time of injury to the moment of death. The wrongful death action is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter.
If the actions are deemed but one cause of action giving rise to recovery by different individuals it would follow that in the event the victim compromised his claim and then died the wrongful death action would be lost to the beneficiary. We do not believe the legislature intended such a result.
To put the issue at rest, we conclude and hold that the rights arising in instances of this nature are not a single right of action but two separate and distinct actions.”
In survival actions, plaintiffs inherit the action for damages suffered by their decedent and it is treated as though the decedent was alive and suing for an injury to himself. Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52 (La.1891); Lewis v. Till, 395 So.2d 737 (La.1981). Although in this case plaintiffs have not instituted a survival action (La.C.C. art. 2315.1), we observe in passing that since Everett Callender’s rights against Rockwood were extinguished by confusion, his survivors’ rights under 2315.1 would likewise be extinguished by confusion as, in this connection, the survivors enjoy no greater rights against Rockwood than did Callender.
Plaintiffs’ cause of action for wrongful death however, is not extinguished by reason of confusion because, in a wrongful death action, the survivor’s demands are for their own account, and not in a representative capacity. Guidry, supra; Lewis, supra. Under La.C.C. art. 2315.2 survivors are entitled to recover for their decedent’s “wrongful death”, i.e., death due to the fault of another. In the instant case, we conclude that Rockwood is not responsible to plaintiffs because their decedent’s death, insofar as Rockwood is concerned, was not “wrongful” within the meaning of La.C.C. art. 2315.2. Plaintiffs’ decedent died as a result of the fault of another, Dunn, however, Dunn is not an insured under the Rockwood policy and Rockwood is not responsible for Dunn’s fault. Under the terms of its policy, Rockwood is responsible only for the fault of Everett Callender, be it derivative or otherwise. Plaintiffs seek to recover damages from Rockwood urging that Callender is derivatively at fault, by reason of the negligence of Dunn, and Rockwood is responsible to them as the insurer of Callender. Thus, plaintiffs, as survivors of Callender, seek to recover damages from Rockwell for his death based solely on the derivative fault of Everett Callender. The policy of our law forbids that one should reap a benefit for his own misconduct. Dumas, supra, and cases cited in footnote 1 at page 51. Had Callender survived this accident, he could *588 not have recovered from his own insurer the damages which he suffered and for which he was 100% derivatively responsible. This being so, it necessarily follows that his survivors have no cause of action under these circumstances against Rock-wood under the provisions of La.C.C. art. 2315.2. Stated another way, survivors may not recover damages for their ancestor’s death which resulted solely from the decedent’s own negligence. Callais v. Allstate Insurance Company, 334 So.2d 692 (La. 1976).
For the above and foregoing reasons, the judgment of the trial court denying Rock-wood Insurance Company’s motion for summary judgment is reversed and set aside. Judgment is hereby rendered granting said motion for summary judgment and dismissing plaintiffs’ suits against Rock-wood Insurance Company, with prejudice. Costs of this appeal are assessed against plaintiffs in both cases in equal proportions.
REVERSED AND RENDERED.
STOKER, J., concurs and assigns written reasons.