JOHNSON, Judge.
This case was No. 52 512 on the Docket of the Twenty-Fourth Judicial District Court and involves the same accident as described in No. 767 of the Docket of this Court, La.App., 144 So.2d 441. The two cases were consolidated and tried together.
The plaintiff in this case makes claim on behalf of his minor son, George Mentel III, for whom he seeks to recover the sum of $35,000.00, and for himself individually, the plaintiff claims $4,046.30, included in which is the amount of the damage to plaintiff’s truck, which was also included in his own claim in the other case.
The allegations of plaintiff’s petition in this case are exactly the same as the language of case No. 767, except for the amounts and the name of the minor child.
In the consolidated case we have discussed the facts and applied the law. The only issue remaining in the present suit is the nature and extent of the personal injuries received by plaintiff’s minor son, George Mentel III. His injuries were much more serious than those of his brother, Edward. This, boy was seen by Dr. James L. Lenoir at the hospital on the same evening as the date of the accident. Dr. Lenoir testified that George Mentel III sustained a transverse compound fracture of the tibia and fibula of the left leg about three inches above the ankle. On that occasion, Dr. Lenoir cleaned out the wound, removed the damaged tissue, set the leg and inserted a surgical screw fixation in the large bone. In addition to that, he had a laceration of the hip which required suturing. All of this took about one and one-half hours under general anesthesia and his leg was placed in a cast which extended from the groin down. The cast was removed on November 13, and a leg brace from the thigh to the shoe applied, which was used until January 15, 1960. On that date he was permitted to walk first with crutches and later without them. The doctor saw him on February 26, after the boy had fallen and bruised his knee. X-ray disclosed that this injury did not damage the fracture.
The doctor testified George Mentel III had a good result; that the screw in the leg is to hold the bone until mother nature-heals it; that if later the screw gets loose or can be felt under the skin it is taken out, otherwise they leave it in; that there is generally no trouble with it and that the screw does not impair his activity.
Dr. George Battalora, an orthopedist, examined the young boy for the defendant on May 26, 1960. He found a well healed scar on the leg, non-tender, non-adherent to the muscle, no swelling, no abnormalities, the bone well united in anatomical position, clinically stable and all showing excellent result. He thinks if there is no-trouble with the metal screw it could stay there, but generally they should come out. This doctor found a quarter of an inch discrepancy in the length of the boy’s two legs, which he thinks has nothing to do with the fracture but he was either born that way or *448 the difference is the result of his position when measured.
The trial Court awarded judgment for the benefit of George Mentel III in the sum of $7,000.00, citing Gray v. Great American Indemnity Company, La.App., 121 So.2d 381. The original fracture in the cited case was almost exactly of the same nature and location as the fracture sustained by George Mentel III. The medical procedure was almost exactly the same. However, in the Gray case four months after the accident, while playing at school, the boy fell and refractured the leg at the site of the original break. His leg was again placed in a •cast, which remained for an additional six weeks. Almost two years after the accident, the Gray boy was still complaining of some pain and tenderness. The trial Court ■awarded the Gray lad $5,000.00 and the ■appellate Court increased it to $7,000.00.
The main difference in the extent of the injury in this and in the Gray case is that the boy in that case sustained two entirely separate fractures at the same location, necessitating confinement, casts and inactivity of double the time, which, of course, •carried with them double the amount of inconvenience, discomfort and related suffering. The second fracture was attributable to the fact that the original injury had not completely healed.
We conclude that the material difference in the extent of the injury in the two ■cases requires reducing the amount of the present award.
For these reasons and for the reasons ■expressed in the consolidated Case No. 767 ■of this Court, the judgment is affirmed in all particulars except in the amount ■of the award and in that respect the judgment is amended by reducing the award to $5',000.00.
The defendants to pay all costs in both Courts. LSA-C. of C.P. art. 5188.
Amended and, as amended, affirmed.