SAVOY, Judge.
Plaintiff instituted this suit, individually, ■and as administrator of the estate of his •minor son, Harold McGee, against Hampton Bernard and Bernard’s liability insur•er, Audubon Insurance Company, for personal injuries sustained by Harold Mc<Gee, and for the related medical expenses, resulting out of a collision on September 19, 1962, on Louisiana Highway 107 within the Town of Mansura, Louisiana. Plaintiff alleged that his son was riding in the back •of a pick-up truck owned and operated by Bernard when it was struck from the rear iby a vehicle owned and operated by Car-rison Sampson; that Hampton Bernard was negligent in stopping his truck on the Tight lane of a State highway at 5 :30 A.M., ■at a time when visibility was extremely limited because of fog and because of the time of day, being the twilight zone between the darkness of night and the light of •day; and that the truck should have been •driven onto the shoulder and completely •off the paved portion of the highway. It was also alleged that Carrison Sampson was negligent, and that his negligence, combined with that of Hampton Bernard, caused the accident and resulting injuries to Harold McGee.
A petition of intervention was filed by the Louisiana State Department of Hospitals for medical and hospital services in the amount of $900.00, and for attorney’s fees, under authority of the provisions of LSA-R.S. 46:9 et seq. It was alleged that Harold McGee was treated for injuries arising out of the accident on September 19, 1962, from that date until October 12, 1962, at an operating unit of the intervenor, the Huey P. Long Charity Hospital in Pine-ville, Louisiana.
By way of a supplemental petition, plaintiff joined Carrison Sampson as a defendant, alleging him to be liable, in solido, with Hampton Bernard and Audubon Insurance Company.
Defendants, Hampton Bernard and Audubon Insurance Company, filed answers to the original and supplemental petitions, and to the petition of intervention, denying any negligence on the part of the defendant, Hampton Bernard, and therefore denying liability. Further answering, it was alleged that the Bernard truck had stopped near a residence in the Town of Mansura and had picked up several passengers; that the truck had proceeded forward and was traveling in the right lane of the highway at a slow rate of speed when it was struck from the rear by the Carrison Sampson vehicle.
Carrison Sampson did not file an answer to or formally contest the lawsuit, and a preliminary default was duly entered against him.
After a trial on the merits, the district court rendered and signed a judgment rejecting plaintiff’s demands against Hampton Bernard and Audubon Insurance Company, and granting an award in favor of plaintiff, as administrator of the estate of Harold McGee, and against Carrison Sampson, in the amount of $3,000.00, and further granting an award in favor of the in-tervenor, the Louisiana State Department of Hospitals, and against Carrison Sampson, in the sum of $900.00, together with attorney’s fees as provided by the statute.
Plaintiff is the only party appealing from the judgment of the district court. Plain *188 tiff’s main complaint is that the district court erred in finding that Hampton Bernard was free from negligence which proximately caused the accident. This appeal presents only issues of a factual nature.
Appellant maintains that Bernard was negligent by violating the provisions of LSA-R.S. 14:97, a criminal statute making ft a misdemeanor to obstruct a highway of commerce. This statute provides as follows :
“Simple obstruction of a highway of commerce is the intentional or criminally negligent placing of anything or performance of any act on any railway, railroad, navigable waterway, road,, highway, thoroughfare, or runway of an airport, which will render movement thereon more difficult.”
We do not find that the above statute is applicable to the facts of the instant case.
Appellant contends further that while LSA-R.S. 32:241 has been repealed by the Louisiana Legislature, the rules enunciated in said statute apply to the instant case. The above statute, when it was in effect, provided as follows:
“A. No person shall park any vehicle, attended or unattended, upon the main traveled portion of any highway, outside of a business or residence district, when it is practicable to park it off the main traveled portion of the highway. In no event shall any person park a vehicle, attended or unattended, upon a highway unless an unobstructed width of not less than fifteen feet upon the main traveled portion of the highway opposite such parked vehicle is left free for passage of other vehirR-s, nor unless a clear view of such vehicle exists from a distance of at least two hundred feet in each direction upon the highway. Even then, if such vehicle is left parked, attended or unattended, one half hour after sunset or one half hour before sunrise, the per.=on parking it shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.”
This Court wishes to point out that while it is true that LSA-R.S. 32:241 has been repealed, the statute was re-enacted with a few minor changes in 1962 as LSA-R.S. 32:141(A). The main change in the statute is that the Legislature added the word “stop” which was not incorporated in LSA-R.S. 32:241.
After examining the evidence in this case, this Court is of the opinion that LSA-R.S. 32:141 (A) is not applicable for at the time of the collision between the Sampson and the Bernard vehicles, the Bernard vehicle was moving, and Bernard was not guilty of any negligence in the instant case; and, that the trial court was correct in finding Bernard free of negligence. We are of the further opinion that the trial court was also correct in holding that the sole and proximate cause of the accident was the negligence of Sampson in driving his vehicle without wearing his eye glasses. He admitted he could not see well without the use of eye glasses, and that on the morning of the accident he had forgotten them at his home.
Appellant has also asked for an increase in the award for the injuries of Harold McGee. The record shows that Harold McGee received a compound fracture of the femur of his right leg for which he received an operation wherein a pin was inserted. He received a fracture of the proximal phalanx of the fifth toe of his right foot, injury to his right ankle, and lacerations of the right thigh and dorsum of the right foot. The injuries and treatments were painful. He remained in the hospital from September 19, 1962, to October 12, 1962, and received follow-up treatments. He returned to the hospital from March 20 to March 26, 1963, for removal of the pin in his right leg. As of May 11, 1963, his family physician, Dr. E. J. Kalifey, of Marksville, Louisiana, noted scars on his' right foot, lower right leg, and above the *189 knee, and on the right thigh. He found good function of Harold McGee’s lower right extremity, hip, knee and leg, hut with slight limitation of flexion of his right leg. He noted the X-rays revealed the fractures to be well healed and in excellent position. He felt that the patient would regain full return of flexion of his right leg.
The trial court awarded plaintiff the sum of $3,000.00 for injuries sustained by Harold McGee in the instant case. Considering the serious injuries received, this Court is of the opinion that the award is all out of proportion with previous awards made for somewhat similar injuries, and that the plaintiff should be awarded the sum of $8,000.00. Gaspard v. LeMaire, La., 158 So.2d 149.
For the reasons assigned, the judgment of the district court is amended by increasing the award made to plaintiff from the sum of $3,000.00 to the sum of $8,000.00, and, as amended, is affirmed at appellees’ costs.
Amended and affirmed.