CHASEZ, Judge.
Plaintiff, Armand A. Devezin, brought this suit individually, and as natural tutor of his minor son, Tyrone Devezin, against the defendants, Oliver Brewer and Allstate Insurance Company, for damages for personal injuries sustained by Tyrone Devezin, when he was struck by an automobile operated by Oliver Brewer.
The accident occurred on November 16, 1962, shortly before 8:00 o’clock a. m. at the intersection of North Galvez and St. Philip Streets in the City of New Orleans. Tyrone Devezin was six years and three months old, and was enroute to school.
The Court below rendered judgment in favor of plaintiff in his capacity as natural tutor of the minor in the sum of $9,000.00, and dismissed his suit insofar as it was brought on his own behalf. Plaintiff, Armand A. Devezin, did not appeal so only the suit on behalf of the minor, Tyrone Devezin, is before us.
Appellants contend that negligence on the part of Oliver Brewer was not established, *29 and, in the alternative, that the award of $9,000.00 to plaintiff is excessive.
The Court factually found that the accident occurred within the physical limits of a school zone at approximately 7:55 a. m., a time during which the 15 miles per hour school zone speed limit was in force, and that Mr. Brewer was then doing between 25 and 30 miles per hour.
Appellants urge that any evidence with regard to school zones should not have been admitted as “not being within the province of the pleading” but this seems to have been adequately answered by reference to the original petition wherein negligence is charged,
“(h) In violating the traffic ordinances and motor vehicle laws of the State of Louisiana as embodied in Revised Statutes 32:221, et seq., as amended, and the Traffic Ordinance for the City of New Orleans (No. 828 M.C.S. as amended by No. 1434 M.C.S.) ; all said Ordinances and laws are pleaded in full as if copied herein in extenso.”
Our review of the testimony reveals more than ample evidence to support the trial court’s findings of fact from which flow its conclusions as to negligence, and with which we agree.
Appellant’s alternative contention, that the award made below was excessive, is not without merit. Of prime importance in determining this question is the medical testimony, for the extent of the injury would be the first consideration of the trier of fact in the exercise of his “much discretion” in arriving at the award.
It appears that after the accident the boy was taken to Charity Hospital where he was examined, x-rayed and treated, found to have sustained a broken right thigh, and was kept for a period of three weeks with his leg in traction. On December 11, 1962 he was placed in a “spica” cast (described as a cast extending from the waist down over the entire lower body, the entire right leg, and half of the left leg) and discharged from the hospital as an outpatient. He wore this cast for a period of about 10 weeks, and was treated as an outpatient until at least March 19, 1963, the date of the last notation in his hospital record, which indicates that the fracture had healed solid and that the boy was to start “weight bearing”.
Dr. Hyman Soboloff, a specialist in orthopedic surgery, treated the boy after his hospital discharge, (counsel’s stipulation in the record) testified that he examined the boy on October 4, 1963 and found the fracture had healed, but there remained a 15 degree deviation from the midline in the bone (a condition known as “valgus deformity”), and an inequality of leg length, the right leg being fáths of an inch longer than the left. He testified that he examined the boy again on November 11, 1964 at which time the valgus deviation had completely cleared, and the inequality of leg length had reduced to Y2 inch. He recommended that the boy wear a built-up shoe and be seen by an orthopedist at six to twelve month intervals until he was 15 to 17 years old, at which time his bone growth would be completed. He testified that an operation should not be performed before that time, if ever, for in the intervening 10 years there was a good possibility the leg length would equalize naturally. He testified that the chances of this happening were about ?4rds to yird in favor of it, and that he was reasonably certain this particular injury would fall into the ^rds that cleared up. He further testified that the boy had been on nearly full normal activities since he first saw him in October, 1963.
Dr. Jack Winters, also a specialist in orthopedic surgery, testified that he examined the boy on December 8, 1964, and found the right leg ¡jfsths to J^ths inches longer than the left and a 10 degree limitation of extension in the right knee. He too, rec *30 ommended that the boy wear a built-up left shoe and have his leg checked at regular intervals, and that an operation should not be performed until the boy was 16 or 17 years old and bone growth had been completed. He further testified that in his opinion the chances are about 90 to 10 against his ever having to have an operation to equalize his leg length. He also testified that in his opinion the boy has a permanent disability of about 20% in his right leg and that this disability is likely to remain unchanged.
Counsel for plaintiff have referred us to a number of cases concerning awards for damages, most of which we feel concern injuries and treatment somewhat more severe than the injuries that occurred in the present case, and counsel for defendants have referred us to a number of cases concerning, we believe, injuries somewhat simpler. It is most difficult to assign a monetary value in these situations, but do so we must, and after considering the authorities cited we have concluded that the trial court has been more than liberal in awarding plaintiff the sum of $9,000.00 for the injuries sustained. Having in mind the cases of Gray v. Great American Indemnity Company, La.App., 121 So.2d 381, Mentel v. Boston Insurance Co., La.App., 144 So.2d 446, and McGee v. Audubon Insurance Company, La.App., 162 So.2d 186, we believe that an award of $7,000.00 would be quite adequate for the injuries suffered by Tyrone Devezin, and it will be so ordered.
For the foregoing reasons, it is ordered that the judgment of the court below be amended to reduce the award to Armand Devezin, for and on behalf of his minor son, Tyrone Devezin, and against Oliver Brewer and Allstate Insurance Company in solido from the sum of $9,000.00 to the sum of $7,000.00. In all other respects the judgment appealed from is affirmed. All costs of this appeal shall be borne by appellants.
Amended, and as amended, affirmed.