SAVOY, Judge.
This is an action ex delicto instituted by-plaintiffs as husband and wife against the City of Alexandria, Louisiana, and Joseph A. Mahfouz, a bus driver employee of the City, and James Willis, for injuries received by the wife while a paying passenger on a bus owned by the City and driven by Mahfouz.
The accident occurred at approximately 2:00 P.M. on August 30, 1963, at the intersection of U.S. Highway 165 and Russell Courts, about two miles south of the City Limits of Alexandria, Louisiana. It had been drizzling, and the pavement was wet. At the time of the accident, the City bus was stopped in the north-bound lane of said highway at Russell Courts for the purpose of allowing a passenger to board the bus. Behind the bus was a parked automobile which was being operated by Mamie O. Rabalais. While both vehicles were stopped, James Willis, driving a truck in a northerly direction on U. S. Highway 165, struck the Rabalais vehicle which in turn struck the rear of the City bus causing plaintiff wife to suffer physical injuries.
After a trial on the merits, the district judge, in a written opinion, held that the City of Alexandria and Mahfouz were not guilty of negligence and dismissed plaintiffs’ suit as to these parties. He did not pass on the liability of James Willis for the reason that a preliminary default had not been entered against him. Judgment was read and signed in open court on January 29, 1968, in favor of the City of Alexandria, Louisiana, and Mahfouz and against plaintiffs dismissing their suit. On the same date plaintiffs were granted a de-volutive appeal to this Court.
On February 23, 1968, plaintiff, Lucille Liggins Reed, was granted a judgment by default against James Willis in the sum of $3,680.00; and in favor of Clarence Reed, Jr. in the sum of $235.00 against the same defendant. No appeal has been taken from the judgment of February 23, 1968, by James Willis.
The contention of counsel for plaintiffs is that the trial court was in error in not finding defendants, City of Alexandria, Louisiana, and Mahfouz, guilty of negligence for the reason that stopping or parking the City bus on U. S. Highway 165 was in violation of LSA-R.S. 32:141, subd. A, which states:
“Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.”
This Court must determine whether the driver of the City bus violated the provisions of LSA-R.S. 32:141, subd. A. If he did, then the violation is negligence per se, and this negligence is actionable if it was a legal cause of the accident. Dixie Drive It Yourself Sys. New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298.
Counsel for defendants takes the position that LSA-R.S. 32:141, subd. A is not applicable to the instant case for the bus was stopped or parked within a business or residence district; and under the provisions of said section mentioned above, this does not constitute a violation of the statute. The burden is on defendants to show that the above statute is not applicable.
In the case of Steagall v. Houston Fire & Casualty Insurance Co. (La. *288 App., 3 Cir., 1960), 138 So.2d 433, this Court said:
“ * * * it is apparent from a reading of LSA-R.S. 32:141, regulating the parking of vehicles on state highways, that it does not apply in business or residential districts and therefore has no application in the instant matter where the violation is alleged to have occurred in a shopping and business area in Hot Wells, Louisiana. * *
The uncontradicted evidence in this case is to the effect that the neighborhood where the accident occurred in the instant case is in a business or residential district. There are numerous residences and businesses in the immediate vicinity of the accident. We are of the opinion that defendants, City of Alexandria and Mahfouz, have discharged the burden of proof imposed upon them by the above quoted statute, and, accordingly, LSA-R.S. 32:141, subd. A is not applicable in this case.
Since James Willis did not appeal from the judgment in favor of plaintiffs dated February 23, 1968, that judgment will not be considered in this appeal.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.