MILLER, Judge.
At night, plaintiff Joel E. Riels drove his automobile into the rear of defendant William G. Howell’s car. Mrs. Howell ran out of gas and allowed her car to come to rest blocking the outside of the two northbound lanes of U.S. Highways 65 and 84 between Vidalia and Ferriday. Mrs. Howell made no effort to warn overtaking traffic and remained in this position for two minutes before the accident.
The trial court held that Howell’s negligence was the sole proximate cause of the accident. Defendant’s insurer, The Employers’ Liability Assurance Corporation, Ltd., appealed contending that Mrs. Howell was properly on the highway when her vehicle ran out of gas, and was not negligent. Alternatively, defendant contends that Riels was* contributorily negligent in failing to keep a proper lookout. We affirm.
Mrs. Howell did not appear at the trial. The only witnesses were Mr. and Mrs. Riels and State Trooper Sgt. Nelson who was an eye witness.
The accident occurred at 7:50 p. m. July 9, 1966. Both vehicles were heading north toward Ferriday at the time of the acci *281 dent. Sgt. Nelson was directing southbound traffic around a portion of highway which had “blown out” due to hot weather. His patrol unit was some 600 feet from the scene of the accident.
Sgt. Nelson noticed the Howell vehicle approaching in the southbound lane, saw it make a “U” turn and shortly thereafter come to a stop blocking the outside northbound traffic lane. As soon as he determined that it was going to remain in that lane, he “sort of trotted” the estimated 600 feet to the Howell vehicle. Mrs. Howell was sitting behind the wheel and had made no effort to warn overtaking traffic of her predicament. Sgt. Nelson estimated that it took him about two minutes to size up the situation and trot over to the Howell vehicle.
Sgt. Howell did not see the overtaking Riels vehicle and therefore made no effort to signal to him. He was not sure that the Howell taillights were on, but knows that the headlights were on when Mrs. Howell made the “U” turn.
The two northbound lanes are separated from the two southbound lanes by a median. It appears that Sgt. Nelson trotted toward the Howell vehicle on the median, then crossed on the inside lane. He had-his flashlight in one of his hands. As he crossed the inside lane, Riels saw the “bobbing” flashlight. Sgt. Nelson had just reached the Howell vehicle at impact. At the same time that Riels saw the “bobbing flashlight” he discovered that the Howell taillight was not moving and immediately applied his brakes. He almost came to a stop before impact, but not quite. Damage to Riels’ vehicle totaled $235.82, and the damage to the Howell automobile was negligible.
Riels was traveling 30 to 35 miles per hour when he noticed the “dim” taillight on the Howell vehicle. When he was about 40 to 50 feet away, he noticed the officer and detected that the Howell vehicle was not moving. He had time to pass on the left, but elected not to because he would hit the officer. By the time this decision had been made, there was no longer time to avoid the Howell vehicle by taking the paved shoulder.
There was an excellent wide hardsur-faced shoulder to the right of both vehicles. No reason is suggested why Mrs. Howell did not drive her vehicle to the shoulder while she was coasting out of gas. The trial court found her negligent for failing to drive on the shoulder. We agree.
The two minutes (or longer) which Mrs. Howell had after blocking the outside traffic lane were sufficient to allow her to take action to flag overtaking traffic. For reasons known only to her and which are not in evidence, she remained in her car and did nothing. LSA-R.S. 32:141(B) requires the driver of a disabled vehicle located on the main traveled portion of a highway “to protect traffic” until the disabled vehicle can be removed. The accident which resulted was the kind which the law was designed to prevent. Williams v. Travelers Indemnity Company, 210 So.2d 58 (La.App. 1 Cir. 1968).
The trial court applied the doctrine of Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). We agree. There, a truck driver stopped his truck in the outside lane of two southbound lanes of a four-lane highway in the daytime, and failed to warn overtaking traffic. The driver of the overtaking vehicle thought the parked vehicle was moving until he was about eighty-five feet away. He could not pass because the passing lane was blocked and the collision resulted.
There as here, the sole proximate cause of the accident was the negligence of the driver of the disabled vehicle in failing to protect against the likelihood that an oncoming motorist, whether cautious, confused or inattentive, would fail to timely perceive the vehicle or that it was station *282 ary and would become involved in an accident. 137 So.2d 298 at 306.
Appellant contends that a contrary result is reached in the cases of Bodan v. American Employers’ Insurance Company, 160 So.2d 410 (La.App.2d Cir. 1964); Washington Fire & Marine Insurance Company v. Canal Insurance Company, 110 So.2d 231 (La.App. 1 Cir. 1959); Piggly Wiggly Operators’ Warehouse, Inc. v. Commercial Union Insurance Company, 174 So.2d 207 (La.App.2d Cir. 1965); and Eubanks v. Wilson, 162 So.2d 842 (La.App.3d Cir. 1964). We distinguish these cases.
In Bodan, the overtaking driver was traveling sixty miles per hour in a thirty-five mile zone; the accident happened on a well lighted residential street in the City of Monroe; the shoulders were torn up by construction; the overtaking driver had consumed intoxicants; and the passing lane was clear.
In Washington Fire & Marine Insurance Company, supra, the State Trooper was attempting to flag down the overtaking motorist by signaling and waving with his powerful flashlight. Here the State Trooper was not signaling the overtaking driver.
In the Piggly Wiggly case, supra, the disabled vehicle was moved as far as possible off the main traveled portion of the highway. Additionally, defendant’s driver placed reflectors “at the precise distances from the truck as the statute requires.” There were seven lights and four reflectors on the rear of the truck.
In Eubanks v. Wilson, supra, the disabled vehicle was as far as possible off the traveled portion of the highway. The driver immediately obtained his flashlight and walked to the front of his vehicle and opened the hood when his truck was struck from the rear. Here, Mrs. Howell could have moved her vehicle off the traveled portion of the road. She had stopped for at least two minutes before the accident without making any effort to check her ve-hide or flag traffic. Her taillight was dim.
The quantum awarded by the trial court has not been questioned.
The judgment is affirmed. Costs are assessed to defendants appellants.
Affirmed.