TUCKER, Judge:
This action arose out of an automobile accident occurring on November 15, 1969, at approximately 11:30 P.M., on Chamberlain Street, just outside the city limits of Baker, in East Baton Rouge Parish, Louisiana. The accident involved three automobiles, two of which were parked one in front of the other, facing north on the west side of Chamberlain Street, which is a two-laned street running generally north *471 and south. The parked automobiles were owned respectively by Isaac Gordon and Paul Broussard. The third vehicle was a 1965 Ford automobile owned by Julius Thomas, Sr., and driven by his son, Julius Thomas, Jr., who was a minor at the time. The vehicle which Julius Thomas, Jr., was driving south on Chamberlain Street, struck the Broussard vehicle, knocking it into the Gordon vehicle.
Suit was instituted by Louis Mack, Sr., individually and on behalf of his then minor son, Louis Mack, Jr., who was a passenger in the Thomas vehicle at the time of the accident, naming as defendants Julius Thomas, Sr., Paul Broussard and his insurer Employers Commercial Union Insurance Company of America, and Isaac Gordon and his insurer State Farm Mutual Automobile Insurance Company. Plaintiff, Louis Mack, Sr., sued the defendants in so-lido for Nine Hundred Seventy-six Dollars and five cents ($976.05) damages sustained by himself due to the injuries suffered by his son in the accident, and for Ten Thousand Dollars ($10,000.00) pain and suffering and disfigurement suffered by his son in the accident. He charged the owners of the parked vehicles and their insurers with negligence in having parked their automobiles on the street, on the wrong side, without proper lighting, and Julius Thomas, Sr., with responsibility for his son’s negligence consisting of having failed to keep a proper look-out, failure to keep his automobile under control, and driving at an excessive rate of speed.
By the time of the trial in the District Court Louis Mack, Jr., had reached the age of majority; therefore judgment was rendered in favor of Louis Mack, Jr., and against Julius L. Thomas, Sr., in the sum of Two Thousand Five Hundred Dollars ($2,500.00) for his pain and suffering, and $208.00 additionally for loss of wages; judgment was also rendered against Julius L. Thomas, Sr., in favor of Louis Mack Sr. in the amount of $401.05, representing the medical and hospitalization charges in the treatment of Louis Mack, Jr.
Plaintiffs’ suit against Paul Broussard, his insurer, Employers Commercial Union Insurance Company of America, and Isaac Gordon and his insurer, State Farm Mutual Automobile Insurance Company, was dismissed. From this judgment only, Louis Mack, Sr., has appealed, reiterating his charges of negligence in the parking of their automobiles on Chamberlain Street in such a way that they were the proximate cause of the accident herein involved. Louis Mack, Sr., further charges defendants with solidary liability, and asks for an increase in judgment against all three defendants.
Plaintiffs Louis Mack, Sr., and Louis Mack, Jr., were treated as co-plaintiffs in the trial court, inasmuch as Louis Mack, Jr., had reached the age of majority at the time of the trial. The Motion for Appeal filed subsequently in the trial court was filed in behalf of Louis Mack, Sr., only. The Appeal Bond filed names Louis Mack, Sr., as the principal-plaintiff. No appeal has been filed by Louis Mack, Jr.; therefore the claim for personal injuries sustained by Louis Mack, Jr., is not before the Court at this time. The only claim involved on appeal is the claim of Louis Mack, Sr., for medical expenses incurred by him as administrator of the estate of his minor son.
In affirming the judgment of the trial court this court adopts in part the findings of the trial court as set forth in the “Oral Reasons for Judgment” given by the judge, as follows:
“Evidence introduced at this trial showed that the vehicles belonging to Isaac W. Gordon and Paul Broussard were parked partially on the roadway of Chamberlain Street and partially off the roadway. There was proof that a vehicle would not fit on the shoulder of the road because there was not space enough between the edge of the pavement and the slope to the ditch. There was also proof that these vehicles were parked facing north and that they were parked *472 on the west side of Chamberlain Street. The Court is of the view that the parking of these cars as they were did not constitute negligence and that if the parking of these cars did constitute negligence then this negligence was not the proximate cause of the accident and in no way contributed to the cause of this accident. Testimony showed that this area of Chamberlain Street is a heavy residential area. It is the opinion of this Court that the accident was caused solely by the negligence of Julius L. Thomas, Jr. and that his negligence consisted of driving at an excessive rate of speed, failing to keep a proper lookout, failing to see what he should have seen and in failing'to keep his vehicle under sufficient control so as to avoid the accident. The Court does not believe the testimony concerning an oncoming car with bright lights. The Court feels that Thomas, Jr. should have been able to go around the parked vehicles without striking them. The Court further feels that even if there had been an on-coming car with bright lights, had Thomas, Jr. been proceeding at a lawful rate of speed and keeping a proper look-out, then he would have been able to avoid the collision.”
It has been argued by appellant that Isaac Gordon and Paul Broussard were negligent in parking or in having their automobiles parked, partially on the street in violation of R.S. 32:141, which reads as follows:
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.”
By the express language of the statute it is applicable only to highways outside of business or residence districts. Furthermore it has been consistently held by the jurisprudence that R.S. 32:141 is not applicable in business or residence districts. See Chatagnier v. Allstate Insurance Co., 248 So.2d 590 (La.App.3d Cir. 1971); Reed v. City of Alexandria, 212 So.2d 286 (La.App.3d Cir. 1968); and McGee v. Audubon Insurance Co., 162 So.2d 186 (La.App.3d Cir. 1964). Since it was clearly established by the evidence that Chamberlain Street at the point of the accident is within a residential area, the above-quoted statute can have no application in this suit.
The evidence supports the finding of the trial judge that the two automobiles in question were parked as far off the street as possible, and that there was plenty of room on the street for a driver of another automobile to pass them.
The trial judge found that the parked vehicles were not the cause of the accident; that it was solely attributable to the negligence of Julius Thomas, Jr. The evidence reveals that Julius Thomas, Jr., had set forth by automobile on an evening of pleasure about 8:00 P.M., visiting at least four different cafes, restaurants, or clubs. He had two or three friends with him at various points in the evening. Julius Thomas, Jr., deposed that he drank only two beers in the entire evening; the police officer investigating the accident reported that he.had been “drinking.” Defendant Thomas deposed, also, that he was driving at about 35 or 40 miles per hour at the time of the accident and did not see the cars until he crashed into them. The Police officer testified that the cause of the accident was a “high, a speed in excess of the normal speed limit for that residential area, which was thirty miles an hour.” This court holds that the findings of the trial judge to the effect that Julius Thom *473 as, Jr., was negligent in driving at an excessive rate of speed, failing to keep a proper look-out, failing to see what he should have seen, and in failing to keep his vehicle under proper control, is well substantiated by the evidence; and that defendant’s Thomas’s negligence was the sole, proximate cause of the accident. There is no manifest error in the trial court’s finding of facts. Finding no negligence on the part of defendants, Isaac Gordon and Paul Broussard, this court holds that the trial court was correct in dismissing plaintiff’s suit as to them and their insurers.
The judgment of the trial court in favor of the appellant, Louis Mack, Sr. is affirmed; Louis Mack, Sr. is cast with the costs of this appeal.
Affirmed.