289 So.2d 178 (1973)
TRADERS & GENERAL INSURANCE COMPANY
v.
Johnnie ROBISON et al.
Johnnie ROBISON
v.
Richard BURTON et al.
Nos. 9622, 9623.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*181 Joel B. Dickinson, Baton Rouge, for Johnnie Robison, in 9623.
L. Michael Cooper, Baton Rouge, for Traders & Gen. Ins. Co., and others.
M. O'Neal Walsh, Baton Rouge, for Employers Mut. Liab. Ins. Co. of Wis.
Kenneth E. Barnette, Baton Rouge, for Richard M. Burton & United Services Auto Assn.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Appellants in these consolidated cases appeal judgments dismissing all claims for vehicular damage sustained in a collision in which a Cadillac owned by plaintiff, Robison, struck the rear of a Chevrolet owned by Felix Pickett after the latter vehicle was disabled in a prior intersectional collision with a Ford owned by defendant, Richard Burton. The initial accident occurred as the Burton vehicle was attempting to cross a major four lane highway in the path of the Pickett vehicle traveling in a westerly direction in the outside westbound lane of the favored roadway. We affirm in part and reverse in part.
The principal issues presented on appeal are: (1) Was the negligence of Mrs. Burton which caused the first accident, a proximate cause of the second collision; (2) Was the driver of the disabled Pickett vehicle negligent in failing to warn motorists of the danger posed by the stalled automobile; (3) Was Mrs. Robison negligent in failing to timely observe the disabled Pickett car and take evasive measures to avoid the second accident, and (4) Is the negligence of Miss Seals, if any, imputable to the vehicle's owner, Pickett, who is Miss Seals' stepfather?
The accident occurred at approximately 12:20 P.M., Saturday, March 27, 1971, a clear, dry day, at the intersection of Florida Boulevard (Florida) and Little John Drive (Little John), in the City of Baton Rouge. Florida, an east-west roadway, is a major four lane artery with a neutral ground separating its opposing lanes of travel. Service roads are located on both the north and south side of Florida, each service road being separated from Florida by a wide neutral ground. Little John, the subordinate road, is a two lane north-south street, and is controlled by stop signs where it intersects Florida. The record does not show the precise speed limit on Florida. Accident reports submitted in lieu of the testimony of investigating officers, show the speed limit to be 50 miles per hour in one instance and 70 in another. It is undisputed that the speed limit on Little John is 30 miles per hour.
The initial accident occurred as Miss Seals, a minor, was proceeding westerly in the outside lane of Florida, accompanied by her mother, Mrs. Pickett. The Pickett car was insured by Traders & General Insurance Company (Traders). Mrs. Burton simultaneously approached the intersection traveling northerly on Little John with the intention to cross Florida, turn right on the north service road and continue in an easterly direction. Mrs. Burton was driving a 1966 Ford which belonged to her *182 husband and was insured by United Services Automobile Association (United). When Miss Seals reached a point a short distance from the intersection, Mrs. Burton proceeded across the westbound lane of Florida in which the Pickett vehicle was traveling. It appears that due to failure of traffic on the northern service road to yield the right of way, Mrs. Burton slowed her automobile and stopped prior to clearing the outside westbound lane of Florida. Miss Seals was unable to stop her car and struck the right rear of the Burton car. Following this collision, the Burton car came to rest completely off Florida but near the northern service road. The Pickett vehicle was rendered inoperable and came to rest in the outside westbound lane of Florida headed in a westerly direction. Miss Seals vainly attempted to start her car. She even considered attempting to physically shove the vehicle off Florida, but was advised by her mother not to do so. Miss Seals then attempted to activate the emergency flasher lights on her vehicle, but found them inoperable. Miss Seals and her mother vacated the vehicle, following which Miss Seals and Mrs. Burton went to a gas station on the north side of the north service road and reported the accident to the police. It is undisputed that no one attempted to flag traffic on Florida to warn motorists that the Pickett car was disabled. Neither did Miss Seals raise the trunk or hood of her car as a warning to westbound motorists that the car was at rest on the highway. Mrs. Robison struck the stalled Pickett car approximately 8 to 10 minutes after the first accident.
Robison's vehicular damage amounted to $2,962.61, of which sum he was paid $2,862.61 by his insurer, Employers Mutual Liability Insurance Company of Wisconsin (Employers). Robison did not repair his car, but traded it in its damaged condition for which he received an allowance or credit of $2,600.00 on the purchase of a new automobile for the price of $8,426.70. In his suit, Robison sues Burton and Burton's insurer for $2,963.89, the difference between the cost of Robison's new automobile and the sum of the damages paid by Employers and the cash allowance granted for the traded damaged car. Robison contends that Mrs. Burton's negligence in causing the first accident was also a proximate cause of the second collision. Burton and his insurer third partied Pickett and Traders alleging Miss Seals' negligence to be the sole proximate cause of the accident and resulting damage to the Robison vehicle. Traders filed a separate action against Robison and Employers maintaining Mrs. Robison was solely at fault, and therefore liable to Traders for the amount Traders paid Pickett for damages to the Pickett automobile. Robison reconvened in Traders' action asserting that Miss Seals' negligence was the sole proximate cause of the second collision. The cases were consolidated for trial. The court rejected the demands of all claimants based on the following findings and conclusions: (1) Mrs. Burton was solely at fault in causing the first accident, but her negligence was too remote in point of time to constitute a proximate cause of the second collision; (2) Miss Seals was negligent in failing to warn traffic of the presence of her disabled vehicle upon the highway following the second accident; (3) Mrs. Robison was negligent in failing to maintain a proper lookout which negligence was a proximate cause of the second collision, and (4) Mrs. Robison did not have the last clear chance to avoid the second collision as alternatively contended by Pickett and Traders. The trial court did not discuss the issue of imputability of Miss Seals' negligence to Pickett.
On appeal Burton and United maintain the trial court correctly held Mrs. Burton was not responsible for the second accident. Alternatively, Burton and United contend Robison failed to establish damages recoverable at law inasmuch as Robison received payment of his damages from Employers and is not legally entitled to the difference required to purchase a new vehicle. In the further alternative, Burton and United argue that should they be held *183 liable to Robison, there be judgment in their favor on their third party demand against Pickett and Traders.
Robison maintains the trial court erred in rejecting his demands on the grounds of Mrs. Robison's negligence, and also erred in holding Mrs. Burton's negligence was not a proximate cause of the second accident.
Traders argues that the trial court erred in: (1) Finding that Miss Seals negligently contributed to the second accident; (2) Inferentially imputing Miss Seals' negligence, if any, to Pickett by rejecting Traders' claim for the damages paid Pickett; (3) Failing to find that Mrs. Robison had the last clear chance to avoid the accident, and (4) Alternatively, failing to hold that Robison has not proven damages recoverable at law.
Mrs. Robison testified she was proceeding westerly in the outside lane of Florida at a speed of about 40 miles per hour. Another westbound vehicle preceded her in the same lane approximately 100 feet or more ahead, which vehicle obstructed her view of any other forward vehicles. She stated that the vehicle ahead suddenly veered into the left lane whereupon she saw the Pickett car in the southside lane. She at first thought the Pickett car was moving. Nevertheless she reduced her speed while she was still approximately 100 feet or more from the Pickett car. She then realized the car was stopped, but could not change lanes because of the presence of a vehicle beside her in the inside westbound lane. She forcefully applied her brakes, but could not stop in time to avoid a collision. In this connection, the record contains the testimony of Mr. Robison, a former state trooper, to the effect he arrived at the scene shortly after the accident and paced off 50 feet of skid marks left by Mrs. Robison's vehicle leading to the point of impact.
Mrs. Burton, Mrs. Pickett and Mary Seals all testified in essence that Mrs. Robison approached the intersection in the outside lane of travel at a high rate of speed. They also stated Mrs. Robison had an unobstructed view of the stopped vehicle; that there was no car immediately in front of Mrs. Robison traveling westerly in the same lane as Mrs. Robison, and that there was no car beside Mrs. Robison in the inside lane. Neither of these witnesses heard the application of Mrs. Robison's brakes. Mrs. Pickett and Miss Seals also testified that the skid marks found at the scene were made after the Robison vehicle struck the Pickett car and resulted from the Pickett car being pushed about 50 to 70 feet beyond the point of impact. All three of these witnesses testified they were standing near the service road. Except for the testimony of Miss Seals, no witness attempted to fix the distance they were situated from the point of the second collision. Miss Seals stated, however, that she and the others were about 200 feet from the Pickett car when it was struck from behind.
We concur in the trial court's finding that although Mrs. Burton negligently caused the first accident by failing to yield the right of way to Miss Seals, such conduct was not a proximate cause of the second collision. It is well established that in determining proximate cause, two basic tests must be met, namely: (1) The accident and resulting damage must be the natural and probable consequence of defendant's actions, and (2) the results of defendant's actions must be reasonably foreseeable. Craig v. Burch d/b/a Burch Tire Company, La.App., 228 So.2d 723. In applying the foregoing principles, the courts have established the rule that a negligent defendant is not liable for all losses resulting from his conduct. The rule has been consistently applied to expand or limit liability for negligent conduct depending upon the circumstances in each individual case. As stated in Craig v. Burch, d/b/a Burch Tire Company, above, a defendant is liable on the ground that his negligence was the proximate cause of an accident only where the accident is the natural and *184 probable consequence of the negligent act, and the damages caused thereby are the reasonably foreseeable result of the negligent conduct. See also, Harvey v. Great American Indemnity Co., La.App., 110 So.2d 595.
With the foregoing in mind, we note that the second accident occurred from 8 to 10 minutes following the first collision. The second accident was not the natural and probable consequences of Mrs. Burton's negligence in causing the first accident, namely, failing to yield the right of way to Miss Seals. We find, as did the trial court, that the second accident resulted from an independent, intervening, unforeseeable cause, that is, the negligence of Miss Seals in failing to discharge her duty to warn the traveling public of the danger attendant upon her vehicle being stalled on a public road. So concluding, we affirm the trial court's rejection of Robison's claim against Burton and United. This finding obviates the need of our considering dismissal of Burton and United's third party demands against Pickett and Traders. Neither does this determination require our present consideration of Robison's right to damages from Pickett pursuant to Robison's reconventional demand.
We next consider the alleged liability of Mary Seals and its asserted imputability to Pickett and Traders. Robison and others contend Miss Seals violated LSA-R.S. 32:141(B) by failing to warn motorists that her disabled vehicle was left stopped on a public highway. By its express terms, the statute applies only to highways situated outside a business or residential area. See LSA-R.S. 32:141 (A) & (B). The jurisprudence is likewise to the effect that 32:141 (A) is applicable only when the roadway is located outside a business or residential area. See Reed v. City of Alexandria, La.App., 212 So.2d 286, and Mack v. Employers Commercial Union Insurance Company of America, La.App., 269 So.2d 470. A review of the jurisprudence has failed to ascertain a case wherein 32:141(B) has been applied when the roadway was located within a residential or business area whereas the statute has been applied when the disabled vehicle was left upon a highway situated outside a business or commercial area. See Smith v. Girley, La.App., 242 So.2d 32, and Riels v. Howell, 243 So.2d 280. Therefore, this court specifically holds that 32:141(B), above, is inapplicable when the highway in question is situated within a residential or a business area. It is elementary that one claiming applicability of a statute must produce evidence showing its pertinency. In this instance, the record does not establish that the locus of the accidents was outside a business or residential area. On the contrary, the preponderance of evidence, including notations on police reports introduced in evidence, is to the effect that the intersection in question is in a business and residential area. Under the circumstances, the statute is inapplicable. Reed v. City of Alexandria, La.App., 212 So.2d 286.
Negligence, however, does not necessarily depend upon breach of a statutory duty of care. In law, negligence is the failure to exercise ordinary and reasonable care under the circumstances to avoid injury to one to whom a duty of care is owed. Stated otherwise, negligence is breach of a duty to protect against an unreasonable risk of foreseeable harm. Taylor v. National Indemnity Company, La.App., 215 So.2d 203.
We find that, as a matter of law, Miss Seals owed a duty to warn the traveling public of the danger posed by her disabled vehicle being left stationary upon such a thoroughfare. Florida is a four lane major traffic artery in the Capital City of this state. The evidence reflects, and we judicially note, that it is a heavily congested thoroughfare. At the accident scene, the speed limit was at least 50 miles per hour. Such a situation demands that the driver of a disabled vehicle left upon such a roadway take reasonable precautions to warn other motorists. We find no merit *185 in the contention that Mrs. Robison should have been warned by the presence of a group of persons near the service road. As noted above, the preponderance of evidence establishes that the group was standing on the north side of the service road a considerable distance from the scene of the accident.
We have no difficulty in concluding that Miss Seals' negligence, as above noted, was a proximate cause of the second accident. Failure to warn in this instance produced exactly the type of accident reasonably foreseeable from such failure. We find it is reasonable to anticipate that a rear end collision will result from a motorist leaving a stalled vehicle on the traveled portion of a four lane major roadway and not warning the traveling public in some manner.
As a general rule, recovery in cases of damages to an automobile is limited to cost of repair. Thiery v. Motors Insurance Corporation, La.App., 255 So.2d 181; Cloney v. Travelers Insurance Company, La.App., 253 So.2d 83. Where, however, a vehicle is totally destroyed, or so badly damaged that the cost of repair exceeds its value, the measure of damages is the value of the vehicle less its salvage value. Bernard v. Fidelity & Casualty Company of New York, La.App., 186 So.2d 904; Cloney, above. Where an award of cost of repair is the measure of damages in a case involving damages to an automobile, additional damages may be recovered for diminution of value by virtue of the vehicle having been involved in an accident, provided proof of such diminished value be made. Gary v. Allstate Ins. Co., La.App., 250 So.2d 168.
It is clear that in this instance Robison has not proved a diminution in value of his automobile. The vehicle was obviously not a total loss inasmuch as Robison traded the car and received a credit of $2,600.00 therefor. Robison received the cost of repair from his insurer, and here seeks the difference between the sum of the value of the unrepaired car and the amount of damages received from his insurer and the cost of a new vehicle. This is not a claim for the depreciated value of a repaired vehicle resulting from its having been involved in an accident. There is no testimony whatsoever in the record to establish a depreciation factor in this instance. In effect, Robison is suing for the difference between the repaired value of his vehicle and the purchase price of a new car. The law does not allow recovery therefor.
It is necessary to determine Mrs. Robison's alleged negligence to dispose of Pickett's and Traders' claims against Robison and Employers.
It is well settled that the findings of a trial court on issues of fact are entitled to great weight and are not to be disturbed except on a showing of manifest error. Chavis v. Gossett Demolishing Company, La.App., 278 So.2d 574. Counsel for Robison and Employers contend the trial court erred in imposing a duty on Mrs. Robison to see a stalled vehicle on the highway notwithstanding the presence of an intervening vehicle traveling in the same direction. Mrs. Robison testified merely that the intervening vehicle was another automobile which she did not describe further. We concede that the presence of an intervening vehicle might well obscure a following motorist's view of the road ahead depending, of course, upon the nature and size of the preceding vehicle and other surrounding circumstances. It is obvious that the conclusion in each instance must depend upon the facts peculiar thereto. Nevertheless, it is elementary that a motorist must constantly keep an alert lookout ahead, and when the circumstances are such that he could or, by the exercise of ordinary care, should have seen a vehicle ahead, he is charged with having seen what he could or should have observed.
Robison and Employers cite numerous cases in which a motorist running into the *186 rear of a stalled or parked vehicle has been exonerated from negligence. Our examination of the cited cases discloses that each occurred either at night or under circumstances clearly distinguishable from those herein.
In this instance, the accident occurred during daylight hours of a clear bright day. Except for the possibility of an intervening vehicle, there was no reason why Mrs. Robison, if she were keeping a proper lookout, should not have seen the stalled car in time to avoid a collision. The trial court found that even if a vehicle preceded Mrs. Robison, she should have seen the disabled vehicle. Under the circumstances, we cannot say that the trial court erred at all; most certainly, we cannot find manifest error in this instance. The trial court's finding that Mrs. Robison's negligence was a proximate cause of the accident is affirmed.
The trial court rejected the claims of Pickett and Traders for damages to the Pickett vehicle without deciding the issue of imputability of Miss Seals' negligence. We find that, in this respect, error was committed as we find that the negligence of the stepdaughter is not imputable to her stepfather under the circumstances of this case.
Where a wife is driving a community owned vehicle on a community errand, her negligence, if any, is imputable to the husband as head and master of the community. Dowden v. Hartford Accident & Indemnity Company, La.App., 151 So.2d 697. The rationale of the rule is that the wife is a member and equal partner in the community, consequently her actions with regard to a community matter are binding upon the community when she is engaged in a community mission.
The liability of a parent for the tortious actions of a minor child is vicarious, that is, imposed simply by operation of law. Such liability does not result from imputed negligence nor is the negligence of a minor imputable to his parent. This rule applies both as to claims by a father for injuries negligently inflicted by a minor child as well as to claims by a father against a third person for injuries or damages sustained directly to the father. Deshotel v. Travelers Indemnity Co., 257 La. 567, 243 So.2d 259; Scott v. Behrman, La.App., 273 So.2d 661.
Assuming Miss Seals to be Pickett's lawful child, by birth or adoption, her negligence is not imputable to Pickett solely because of such relationship. Deshotel and Scott, above.
Neither does a simple principal-agent relationship between parties constitute ground for holding the principal liable for the agent's torts or imputing the agent's negligence to the principal. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902; Neal v. Davenport, La.App., 270 So.2d 617; Mohr v. Schmitt, 189 So.2d 46.
A principal is not liable for the negligence of an agent, and correlatively, an agent's negligence is not imputable to a principal unless a master-servant relationship exists between the parties. Blanchard v. Ogima, above. To constitute a master-servant relationship between parties, the arrangement must involve a close economic relationship, subject to the master's close control, in a situation where the servant offers his services for a price in an area constituting an integral part of the master's business. Blanchard v. Ogima, above.
A third party driving a community owned vehicle, at the request of either the husband or wife, on an errand amounting to no more than a social courtesy, does not create a master-servant relationship, or any other relationship that would render the community liable for the driver's negligent acts. Neal v. Davenport; Mohr v. Schmitt, above. In Neal, a sister was involved in an accident while driving her brother's car at the request of the brother's wife. The accident occurred while the sister *187 was on a mission to pick up some ice cream for her sister-in-law. The court held such a mission was a mere social courtesy; that it did not constitute a master-servant relationship, and consequently, the negligence of the nonservant agent was not imputable to the principal.
In this instance, the record merely shows that Miss Seals was driving her mother. While it may be presumed that a community mission motivated the trip, this does not suffice to constitute a master-servant relationship within the meaning of Blanchard v. Ogima, above. The burden of establishing master-servant relationship rested upon Robison and Employers. They did not discharge the onus.
Considering the conclusions reached, we need not determine the question of last clear chance raised by Pickett and Traders.
It is stipulated that the Pickett vehicle sustained damages in the sum of $1,337.31, as a result of the second accident. Under its subrogation claim, Traders is entitled to judgment against Robison and Employers in that amount.
It is ordered, adjudged and decreed that the judgment rendered in Suit No. 9623. Robison v. Burton, et al., rejecting the claim of plaintiff Robison, and the third party demands of Burton against Pickett and Traders, be and the same are confirmed at the cost of Appellants, Robison and Employers.
It is further ordered, adjudged and decreed that judgment in Suit No. 9622, Traders v. Robison, et al., be and the same is hereby reversed insofar as it dismissed Traders' action against the Robisons and Employers, and affirmed insofar as it rejects Robison's reconventional demand against Miss Seals and Traders.
It is further ordered, adjudged and decreed that there be judgment in Suit Number 9622 in favor of Plaintiff, Traders & General Insurance Company, against Defendants, Johnnie Robison, Katie Robison and Employers Mutual Liability Insurance Company of Wisconsin, in solido, in the full sum of $1,227.31, together with legal interest thereon from date of judicial demand, until paid; defendants, Robison and Employers, being cast for all costs of said proceeding.
Affirmed in part, reversed in part, and rendered.