**Hubert LeBOEUF, Plaintiff–Appellant,**

v.

**GULF OIL CORPORATION et al.,**
**Defendant–Appellee.**

**No. 79–3063.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 15, 1981.

tagline became caught up on a pipe rack while he was working on a workover rig on one of Gulf's wells. The District Court, in response to Gulf's vigorous motion, granted summary judgment on the sole narrow ground expressly asserted that the injuries sustained by LeBoeuf were not the proximate result of any negligence of Gulf. The court's ruling appears to have been based almost entirely on the absence of any factual causal relation between the asserted negligence and resulting injury, and this was the whole thrust of oral arguments, pro and con, before this Court. In so ruling, the Court was in error.

It is well established in Louisiana that in determining proximate cause two basic tests must be met:

(1) the accident and resulting damage must be the natural and probable consequence of defendant's actions, and (2) the results of defendant's actions must be reasonably foreseeable.

*Traders & General Insurance Company v. Robison*, 289 So.2d 178, 183 (La.App. 1st Cir. 1973); *Craig v. Burch, d/b/a Burch Tire Company*, 228 So.2d 723, 729 (La.App. 1st Cir. 1969). On the record before the trial court at this time, we are unable to say that, concerning these two tests, there exists no genuine issue of material fact. Accordingly, Gulf's motion for summary judgment must fail since the facts brought forward do not demonstrate, as a matter of law, that the issue of proximate cause is free from genuine factual controversy.

Although we reverse the District Court's grant of summary judgment, we make no intimations as to other serious questions in the case, including the question of the existence of any duty running from Gulf to LeBoeuf, or to the ultimate merits, or demerits, of LeBoeuf's claim. Nor is our reversal, as we have stated before, a forecast that the case must go to a jury, a matter dependent upon actual proof made. *Keating v. Shell Chemical Company*, 610 F.2d 328, 333 (5th Cir. 1980); *Smith v. St. Paul Fire & Marine Insurance Company*, 471 F.2d 840, 842 (5th Cir. 1972); *Braniff v.*

Gerald A. Bosworth, Houma, La., for plaintiff–appellant.

Normann & Normann, Russell M. Cornelius, New Orleans, La., for defendant–appellee.

Before BROWN, THORNBERRY and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant, Hubert LeBoeuf, was an employee of Booker Drilling Company, a contractor for workover of appellee, Gulf Oil's offshore wells under a contract made in 1974. He claims he was injured when a

*Jackson Ave.–Gretna Ferry, Inc.,* 280 F.2d 523, 529 (5th Cir. 1960); *Robbins v. Milner Enterprises, Inc.,* 278 F.2d 492, 496–97 (5th Cir. 1960); *Carss v. Outboard Marine Corporation,* 252 F.2d 690, 693 (5th Cir. 1958).

REVERSED and REMANDED.