J_iGREMILLION, Judge.
The defendants, Clay and Diane Benton, individually and on behalf of their minor son, Michael Faulk, appeal the judgment of the trial court finding that Michael was at fault for the injuries sustained by the plaintiff, Deidera Manning. For the following reasons, we reverse.
FACTS
On March 15, 1994, Michael, a student at St. Louis High School in Lake Charles, Louisiana, bumped into Manning while walking in the hallway between classes. As a result of this contact, Manning allegedly suffered injuries and subsequently filed suit against the Bentons as Michael’s parents. The petition for damages stated that the amount in dispute did not exceed the $50,000.00 required for a trial by jury. The Diocese of Lake Charles, Deidera’s employer, filed an intervention to recover workers’ compensation benefits and medical expenses paidj^to Deid-era in the amount of $36,875.68. Manning then filed a supplemental and amending petition claiming that the intervention did not necessitate trial by jury because her claim and the intervention were two separate claims, each falling short of the $50,000.00 threshold required by La.R.S. 23:1103. The Bentons answered the supplemental and amending petition and requested a trial by jury. Manning responded by filing a motion to strike the jury request, which was granted by the trial court. Writs to this court and the Louisiana Supreme Court were denied. After a two day bench trial, the trial court found in favor of Manning and awarded her $14,640.21. The Diocese was awarded $36,-875.68. From this judgment, the Bentons appeal and allege two assignments of error.
*527 LIABILITY
In their first assignment of error, the Ben-tons allege that the trial court committed legal error in finding defendants liable despite finding, as a matter of fact, that Michael Faulk’s conduct was neither intentional nor negligent.
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” La. Civ.Code art. 2315. “By ‘obliges’ is meant legal duty and by ‘repair’ is meant financial or other reparation through and by material substance.” Holland v. Gross, 195 So. 828, 833 (La.App. 2 Cir.1939). In its oral reasons, the trial court stated:
I find that there is a duty not to make contact that might cause injury to a person upon a hallway even though the hallway is crowded and during a period of time when classes is [sic] being exchanged at a high school, as in this case. That Mr. Faulk had a duty and that that duty was breached when he came in contact with Ms. Manning.
The duty is designed to prevent what happened, the coming in ^contact and injuring someone.
We find this reasoning by the trial court to be flawed because it does not require the plaintiff to prove that the defendant engaged in negligent conduct. Essentially, the trial court found that if a person makes contact with another in a crowded hallway, that person is responsible for any injury sustained by the other. That simply is not the standard by which a person’s conduct is measured. The court must find that one’s conduct fell below the standard required of a reasonably prudent person under similar circumstances. Black v. State Through Dep’t of Public Safety and Corrections, 94-1305 (La.App. 3 Cir. 5/17/95); 657 So.2d 270, writs denied, 95-1528, 95-1546 (La.9/29/95); 660 So.2d 876. In this instance, the trial court’s analysis required only a finding that the defendant’s conduct was a cause-in-fact of the injury. That is not enough. “[I]f the defendant’s conduct of which the plaintiff complains is a cause in fact of the harm, we are then required in a determination of negligence to ascertain whether the defendant breached a legal duty imposed to protect against the particular risk involved.” Hill v. Lundin & Assocs., Inc., 260 La. 542, 548, 256 So.2d 620, 622 (1972).
The principal juridical element of an action in negligence is a duty, apparent to reason and common sense, to avoid acts and omissions which engender an unreasonable risk of harm to others. In order to prevail in a negligence action, the plaintiff must prove the existence of such a duty, the breach of that duty, and that damages have been caused by its breach. Plaintiff must additionally show that the harm suffered could have been foreseeably associated with the breach of the duty, and that this harm was the type of injury that the duty was designed to prevent. See generally, Callais v. Allstate Insurance Co., 334 So.2d 692 (La.1975); Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8 (La.App. 3rd Cir.1980); Williams v. City of Alexandria, 376 So.2d 367 (La.App. 3rd Cir.1979); Traders & General Insurance Co. v. Robison, 289 So.2d 178 (La.App. 1st Cir.1973).
Stephens v. State Through Dep’t of Transp. and Dev., 440 So.2d 920, 925 (La.App. 2 Cir.1983), writ denied, 443 So.2d 1119 (La.1984). Having found a reversible error of law, we are required, if possible, to conduct a de novo review of the entire record and render a judgment on the merits. Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95); 650 So.2d 742.
Manning testified that she stumbled after being hit, but did not fall down. She claimed that she was hit “pretty hard” by Michael and had the wind knocked out of her. She also testified he was not running or engaged in horseplay.
Michael testified that he was walking in the freshman hall and it was congested. He testified that he was bumped in the front right side and went backward and to the left, making contact with Manning. He does not recall who bumped into him. He claims that he turned around, saw that she was alright and walking toward the main hall. He did not recall seeing her stumble, but he did testify that she did not fall down. He fur *528 ther testified that he was not running, walking fast, or engaging in horseplay when he bumped into Manning, although he cannot remember who bumped into him in the hallway.
Based on their testimonies, we find that Manning failed to prove by a preponderance of the evidence that Michael was negligent; namely, that his conduct fell below the standard required of a reasonable person in a crowded hallway. Therefore, we hold that the trial court erred by finding Michael liable for the injuries suffered by Manning. Having found no liability on the issue of fault, discussion of the remaining assignment of error is pretermitted.
I,.CONCLUSION
For the reasons assigned, the judgment of the trial court in favor of the plaintiff-appel-lee, Deidera Manning, is reversed. The costs of this appeal are assessed to Deidera Manning.
REVERSED.