413 So.2d 174 (1982)
Robert C. McINTYRE, Individually, and as Administrator of the Estate of his Minor Son, William L. McIntyre, II
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY and Miriam Cavanaugh.
No. 12732.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied May 19, 1982.
*175 Liskow & Lewis, Joe B. Norman, New Orleans, for plaintiff-appellant.
Hammett, Leake & Hammett, Herbert B. Bowers, III, New Orleans, for defendants-appellees.
Before GULOTTA, KLEES and AUGUSTINE, JJ.
GULOTTA, Judge.
Plaintiff's suit individually for property-related damage and out-of-pocket medical expenses and on behalf of his minor child for pain, suffering and lost wages sustained in an intersectional automobile accident was dismissed by the trial judge.
The accident occurred in New Orleans on May 17, 1980, at approximately 11:00 a. m., when sixteen-year-old William L. McIntyre, II, driving his father's automobile in an uptown, westerly direction on Magazine Street, struck the right front headlight of Miriam Cavanaugh's car with the left rear of his vehicle at Robert Street. Cavanaugh had been traveling on Robert Street in a northerly, lake direction, and, after stopping for a stop sign, was making a left turn onto Magazine Street. At impact, she was stopped in the middle of Magazine Street with the front of her car protruding two feet into McIntyre's lane of travel. After the initial impact, the McIntyre car struck a parked vehicle on the lakeside of Magazine, hit an oncoming automobile, and slid approximately 30 feet,[1] before coming to rest against another parked car on the riverside of Magazine.
The trial judge in oral reasons stated in pertinent part:
"... the Court is satisfied that if plaintiff was not entirely negligent, he certainly was contributorily negligent."
The judge went on to observe that the McIntyre vehicle "... apparently was going at a terrific rate of speed when he ended by hitting four other automobiles before stopping." Plaintiff's suit was dismissed.
Appealing, plaintiff claims the trial judge erred in finding his son contributorily negligent; alternatively, if indeed his son was negligent, then plaintiff contends his recovery individually is not barred for property damage, related expenses and out-of-pocket medical expenses. Plaintiff further argues defendants are not entitled to a credit of one-half of those expenses in contribution from plaintiff because they failed to assert timely the affirmative defense of contribution.
Defendants, on the other hand, argue that Cavanaugh was neither negligent nor concurrently negligent and therefore not a joint tort feasor; that the negligence of the driver is imputed to the plaintiff-father thereby barring his recovery to out-of-pocket expenses and property damage; and finally that defendants are not barred from entitlement to contribution from plaintiff because of their failure to plead contribution affirmatively in the trial court.

NEGLIGENCE
A motorist on an unfavored street burdened with a stop sign not only has the duty to stop in obedience to the sign, but also to remain stopped until he has ascertained that he can proceed safely. See Clements v. Allstate Ins. Co., 383 So.2d 1375 (La.App. 4th Cir. 1980), writ denied, 385 So.2d 793 (La.1980); Duchmann v. Allstate Ins. Co., 389 So.2d 896 (La.App. 4th Cir. 1980). Furthermore, a motorist attempting to make a left turn onto a favored thoroughfare is required to ascertain that the way is clear and that the turn can be safely made without endangering or becoming endangered *176 by overcoming or oncoming traffic. Morrison v. Edwards, 323 So.2d 838 (La.App. 4th Cir. 1976), writ denied, 328 So.2d 167 (La.1976).
The evidence is undisputed that although Cavanaugh stopped for the stop sign on Robert Street, she entered the favored right-of-way without exercising proper care. Mrs. Cavanaugh testified that before entering Magazine Street she had looked to her right, had seen the plaintiff more than a block away, had looked to her left, had seen an automobile approaching from that direction, and had again looked to the right and realized that plaintiff, approximately one block away, was traveling at an excessive rate of speed. She clearly left a position of safety when she either knew or should have known of the impending danger of the excessively speeding plaintiff vehicle. Her testimony was that she recognized the excessive speed after seeing plaintiff's automobile the second time and immediately stopped in the middle of Magazine Street. We conclude under these circumstances Cavanaugh was negligent.
We likewise conclude, as did the trial judge, that the driver of the plaintiff vehicle was contributorily negligent. Although William McIntyre testified that he was traveling at a speed between 30 and 35 miles per hour, Richard Black, the driver of an oncoming automobile on Magazine, testified that McIntyre was traveling "at least" 40 miles per hour before the collision. Black's testimony corroborated Mrs. Cavanaugh's statement that McIntyre was speeding. Furthermore, the path of plaintiff's vehicle subsequent to initial impact with the Cavanaugh automobile supports a finding of excessive speed. Moreover, McIntyre first saw the Cavanaugh vehicle about 40 or 50 feet away. Under the circumstances, the excessive speed of the McIntyre vehicle was a legal cause of the accident, and the trial judge properly denied recovery for William McIntyre's injuries and pain and suffering.

IMPUTATION OF NEGLIGENCE
The more perplexing problem is whether the minor's negligence is imputed to the plaintiff-father thereby denying him recovery of the cost of automobile repairs, automobile rental expenses, medical expenses incurred and emergency transportation service. In a case similar to the instant one, Scott v. Behrman, 273 So.2d 661 (La.App. 4th Cir. 1973), we stated:
"Nevertheless, the minor's concurrent causative negligence is not the equivalent of contributory negligence on the part of her father. The father is made vicariously `liable' for damages caused by his minor's negligence by C.C. art. 2318; but the minor's negligence is not thereby `imputed' to the father, at least not as between father and minor or, specifically, minor's insurer, Deshotel v. Travelers Indem. Co., 257 La. 567, 243 So.2d 259 (1971)."
We concluded in Scott that the minor's negligence did not bar the father's recovery for his property damage where the minor driver was a joint tort feasor. Likewise, in Knotts v. State, Dept. of Highways, 395 So.2d 419 (La.App. 3d Cir. 1981) writs denied, 400 So.2d 669 (La.1981), our brothers on the Third Circuit reached the same conclusion, citing Scott as authority. We are aware however, of Gaudet v. G.D.C., Inc., 383 So.2d 1289 (La.App. 1st Cir. 1980), writ denied, 385 So.2d 256 (La.1980), where our other brothers in the First Circuit have reached a different result. Nonetheless, except for this writ denial, we are not aware of any decisions of the Louisiana Supreme Court supporting Gaudet when squarely confronted with this question.[2] Moreover, writs were also denied in Knotts, supra, which is consistent with our result in Scott. We are in accord with the Scott decision in this court, and conclude, based upon that decision, that the minor's negligence does not bar the plaintiff-father's *177 recovery for his property damage and out-of-pocket expenses.
In connection with the amount of damages to plaintiff's automobile, Paul Clement, an automobile damage appraiser for Rosenbush Claim Service, testified that he had made an estimate and itemized the damage to the automobile for Cavanaugh's insurer at $3,029.79. This amount was in accordance with an exhibit of the estimate introduced into evidence. Although the exhibit further states "total loss" and plaintiff seeks recovery of $4,229.40, apparently for total loss, we find no evidence in the record supporting the value of plaintiff's automobile as a total loss.[3] Under the circumstances, we conclude plaintiff is entitled to recovery for property damage in the sum of $3,029.79.
Concerning the medical expenses, the stipulated exhibits indicate a total of $750.50, less a $35.00 credit. The amount sought in the petition, as amended, however, totals $515.50. Because the testimony of plaintiff is silent of any explanation regarding the discrepancy and because of the allegations of the petition, we limit recovery of plaintiff's medical expenses to the sum of $515.50. Furthermore, because we find no evidence regarding expenses for automobile rental and emergency transportation service, we conclude that plaintiff is not entitled to recover for those claimed expenses.
Finally, we reject defendants' contention that the minor's contributory negligence entitles defendants to contribution from plaintiff for one-half of plaintiff's out-of-pocket expenses and property damage. It is true, as pointed out by defendants, that the right of contribution by a joint tort feasor who is vicariously liable for his minor's tort was recognized by this court in Scott v. Behrman, supra. See also, LSA-C.C. Art. 2103.[4] Contribution may be asserted in answer and reconvention, by way of a third-party demand or by a subsequent action. See Thomas v. W. W. Clarklift, Inc., 375 So.2d 375 (La.1979); Scott v. Behrman, supra; and, Guidry v. Kem Mfg. Co., 598 F.2d 402 (5th Cir. 1979). However, in this case defendants did not plead contribution in the trial court, make any third-party demand seeking contribution, or appeal or answer the appeal to raise the issue. We therefore cannot award contribution under these circumstances.

DECREE
Having so concluded, we affirm that part of the judgment dismissing plaintiff's suit as administrator of the estate of his minor son for injuries, pain and suffering sustained by the minor. We reverse and set aside that part of the judgment dismissing plaintiff's suit individually for recovery of property damage to his automobile and medical expenses incurred on behalf of the minor. Judgment is now rendered in favor of plaintiff in the sum of $3,545.29,[5] with *178 interest from date of judicial demand and costs.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] According to the testimony of Richard Black, the driver of the oncoming automobile.
[2] In the writ denials in both Gaudet and Knotts, the Supreme Court only stated "Writ denied" and "Denied" respectively.
[3] Robert McIntyre testified the automobile was a 1976 Toyota purchased for $5,300-$5,400. There was no testimony concerning the value at the time of the accident.
[4] LSA-C.C. Art. 2103 provides as follows:

"Art. 2103. Liability of debtors among themselves.
When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."
This Codal article was amended by Act 1979, No. 431, effective August 1, 1980. Because this accident occurred on May 17, 1980, the article prior to the most recent amendment is applicable.
[5] This amount includes $3,029.79 for property damage and $515.50 for medical expenses claimed.