915 So.2d 811 (2005)
Anthony TOUPS
v.
KOCH GATEWAY PIPELINE, INC., Kenneth Autin, and ABC Insurance Company.
Kenneth Autin
v.
Koch Gateway Pipeline, Inc., Anthony Toups, and ABC Insurance Company.
No. 2004 CA 0223, 2004 CA 0224.
Court of Appeal of Louisiana, First Circuit.
April 27, 2005.
*812 David B. Allen, Houma, Counsel for Plaintiff/Appellee Anthony Toups.
Joseph J. Weigand, Jr., Houma, Counsel for Plaintiff/Appellee Kenneth Autin.
Robert J. Daigre, New Orleans, Counsel for Defendant/Appellant Koch Gateway.
Michael E. Mathieu, Houma, Intervenor/Appellee.
Before: WHIPPLE, DOWNING, McCLENDON, HUGHES and WELCH, JJ.
DOWNING, J.
This appeal addresses whether Koch Gateway Pipeline Inc. (Koch) is legally *813 entitled to contribution from these plaintiffs under general maritime principles.
Koch appeals a judgment containing two decrees, each of which resolves individual lawsuits that were consolidated. First, the judgment decrees that Koch is jointly and severally liable, together with Kenneth Autin, for damages from personal injury suffered by Anthony Toups. Second, the judgment decrees that Koch is liable, in solido with Anthony Toups, for damages from personal injury suffered by Kenneth Autin. Both decrees declare that Koch is not entitled to contribution. The judgment on appeal deals only with issues involving the payment of damages. The trial had been bifurcated, and the prior judgment on the issue of liability and apportionment of fault was not appealed.
Koch asserted two assignments of error on appeal:
1. In light of a specific finding that plaintiffs were engaged in a joint venture at the time of the accident at issue, the trial court erred in holding Koch jointly and severally liable for damages attributable to the fault of the members of the joint venture;
2. The trial court erred in ruling that Koch is not entitled to contribution from each plaintiff for the damages awarded to the other plaintiff.
At oral argument on appeal, Koch abandoned the first assignment of error, leaving only the second for our review. For the following reasons, we vacate portions of the judgment, amend the judgment, and as amended we affirm.

CONTRIBUTION
In the assignment of error that we do review, Koch alleges that the trial court erred in ruling that it is not entitled to contribution from Toups and Autin. We agree.
The trial court ruled that Koch was not entitled to contribution because contribution was not specially pled as an affirmative defense. The trial court erred in so holding. Contribution need not be specially pled. See Scarbrough v. O.K. Guard Dogs, 03-1243, p. 12 (La.App. 1 Cir. 5/14/04), 879 So.2d 239, 248, writ denied, 04-1440 (La.9/24/04), 882 So.2d 1127. In McIntyre v. Gov't Employees Ins. Co., 413 So.2d 174, 177 (La.App. 4 Cir.1982), the court observed that, "[c]ontribution may be asserted in answer and reconvention, by way of third party demand or by a subsequent action." The McIntyre court also recognized that the issue of contribution could be raised by appeal or answer to appeal.[1]See Id.
The right to contribution is established in the general maritime law. See Cooper Stevedoring Co. v. Fritz Kopke, Inc., 417 U.S. 106, 111-15, 94 S.Ct. 2174, 2177-78, 40 L.Ed.2d 694 (1974). In their briefs, all parties concur that this is a general maritime case.
Even so, we decline Koch's request that we determine the shares and amounts of contribution to which it may be entitled. Koch argues that we should limit the payment of damages among the parties to the amount attributable to their proportionate *814 fault, citing Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 271 n. 30, 99 S.Ct. 2753, 2762 n. 30, 61 L.Ed.2d 521 (1979), which, Koch argues, suggests such procedure in federal maritime cases.
Maritime law, however, does not provide such remedy, and the very footnote in Edmonds that Koch argues disputes this. The court said: "But we did not upset the rule that the plaintiff may recover from one of the colliding vessels the damage concurrently caused by the negligence of both." Id.[2]
Under federal maritime law, the right to contribution accrues from the date payment is made. See United States Lines, Inc. v. United States, 470 F.2d 487, 489 (5th Cir.1972) and Hercules, Inc. v. Stevens Shipping Co. Inc., 698 F.2d 726, 734 (5th Cir.1983). See also Thomas J. Schoembaum, Admiralty and Maritime Law, § 4-15, p. 154, which states, "the right to contribution arises and limitation begins to run from the time payment in excess of the tortfeasor's proportionate share." As the court in Kantlehner v. United States, 279 F.Supp. 122, 128 (E.D.N.Y.1967) explained: "[A] party's right to either indemnity or contribution [is] derivative, and remains inchoate until the settlement or resolution of the primary action. The cause of action ... does not accrue until the payment has been made."
Louisiana law and procedure control the enforcement of contribution rights in this matter. While state courts are bound to apply substantive federal maritime law and jurisprudence, they are free to adopt such remedies as they see fit, so long as they do not attempt to change substantive maritime law. See Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 222-23, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986). See also Lavergne v. Western Co. of North America, Inc., 371 So.2d 807, 810 (La.1979). Enforcement of contribution rights is established in Louisiana by La. C.C. art. 1805 and as described below.[3]
In Louisiana, the right to contribution "arises out of the payment of the obligation of a solidary co-debtor." Constans v. Choctaw Transport, Inc., 97-0863, p. 6 (La.App. 4 Cir. 12/23/97), 712 So.2d 885, 890. "Contribution permits a tortfeasor who has paid more than his share of a solidary obligation to seek reimbursement from the other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each other." Hamway v. Braud, 01-2364, p. 5 (La.App. 1 Cir. 11/8/02), 838 So.2d 803, 807. "The right to enforce contribution is not complete until payment of the common obligation[.]" Thomas v. W & W Clarklift, Inc., 375 So.2d 375, 378 (La.1979).
Accordingly, either under general maritime law or under Louisiana law, Koch's right to enforce contribution does not arise until it actually pays its obligations. And *815 nothing in the record demonstrates that Koch seeks reimbursement for obligations it has already paid.
Koch's second assignment of error has merit in that the trial court erroneously ruled it did not have a right to seek contribution. We vacate the portion of the decrees denying Koch the right to seek contribution. For the above reasons, however, we decline to reassess damages between the parties.

DECREE
We vacate the portions of the judgment that deny Koch the right to seek contribution against Toups and Autin in the separate decrees. We amend the judgment accordingly. In all other respects, we affirm the judgment of the trial court. Costs are assessed one-half to Koch Gateway Pipeline Company, one-fourth to Anthony Toups, and one-fourth to Kenneth Autin.
VACATED IN PART; AMENDED; AFFIRMED AS AMENDED.
HUGHES, J., dissents with reasons.
HUGHES, J., dissenting.
As noted by the United States Supreme Court in Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 271, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979), fn. 30:
As noted in n. 8, supra, the general rule is that a person whose negligence is a substantial factor in the plaintiff's indivisible injury is entirely liable even if other factors concurred in causing the injury. Normally, the chosen tortfeasor may seek contribution from another concurrent tortfeasor. If both are already before the court-for example, when the plaintiff himself is the concurrent tortfeasor or when the two tortfeasors are suing each other as in a collision case like Reliable Transfera separate contribution action is unnecessary, and damages are simply allocated accordingly. But the stevedore is not a party and cannot be made a party here, so the Reliable Transfer contribution shortcut is inapplicable. Contribution remedies the unjust enrichment of the concurrent tortfeasor, see Leflar, Contribution and Indemnity Between Tortfeasors, 81 U.Pa.L.Rev. 130, 136 (1932), and while it may sometimes limit the ultimate loss of the tortfeasor chosen by the plaintiff, it does not justify allocating more of the loss to the innocent employee, who was not unjustly enriched. See also H. Hart & A. Sacks, The Legal Process: Basic Problems in the Making and Application of Law 525 (tent. ed.1958). Our prior cases recognize that. Even before Reliable Transfer, we apportioned damages between vessels that collided and sued one another. Reliable Transfer merely changed the apportionment from equal division to division on the basis of relative fault. But we did not upset the rule that the plaintiff may recover from one of the colliding vessels the damage concurrently caused by the negligence of both. Compare Reliable Transfer Co. (apportionment of damages on basis of relative fault between plaintiff and defendant who concurrently caused grounding), and The Schooner Catharine v. Dickinson, [58 U.S.] 17 How. 170, 5 L.Ed. 233 (1855) (equal apportionment of damages between libelant and respondent vessels where both at fault in collision), with The Atlas, 93 U.S. 302, 23 L.Ed. 863 (1876) (in suit by insurer of cargo against one of two ships whose concurrent fault caused collision, the insurer is entitled to recover in full, despite the rule of equal apportionment, because the insurer is not a wrongdoer), and The Juniata, 93 U.S. 337, 340, 23 L.Ed. 930 (1876) (same; if respondent vessel has any rights against nonparty vessel, they "must be settled in another proceeding"). (Emphasis added.)
*816 In the case before us all three tortfeasors are parties and before the court. Yet the majority opinion "declines" to follow the guidance of the United States Supreme Court and creates for these experienced plaintiffs a windfall not available under either maritime or state law, relying on concepts of "contribution" and "procedure" that are inapplicable if not obsolete. See Civil Code article 2324.
The majority does not even address, much less explain, the use of the words "in solido" and "jointly and severally" in the trial court judgment, practically inviting further litigation. Nor does the majority seem able to draw the comparison given in Edmonds between cases where all tortfeasors are before the court, and those where one of the parties is not at fault or where one of the tortfeasors is not a party.
I respectfully submit common sense and judicial economy require a different result and respectfully dissent.
NOTES
[1] In McIntyre, the court concluded that it could not consider the issue of contribution on appeal because the defendants did not raise contribution in the answer, make a reconventional demand, make a third-party demand, file a subsequent action, appeal, answer the appeal, or in any way raise the matter for consideration by the court. Id. McIntyre specifically recognizes that the issue of contribution can be raised by third-party demand, appeal or answer to appeal. Id. Therefore, Toups' and Autin's reliance on McIntyre for the proposition that contribution needs to be specially pled, and cannot be raised on appeal, is misplaced.
[2] The Edmonds language cited by Koch relies on United Sates v. Reliable Transfer Co., 421 U.S. 397, 411, 95 S.Ct. 1708, 1715-16, 44 L.Ed.2d 251 (1975). There, the Supreme Court held:

We hold that when two or more parties have contributed to their fault to cause property damage in a maritime collision or stranding, liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault, and that liability for such damages is to be allocated equally only when the parties are equally at fault or when it is not possible fairly to measure the comparative degree of their fault.
[3] While solidary liability has been limited by Acts 1996, 1st Ex.Sess., No. 3, § 1, which amended La. C.C. art. 2324 to apply only in cases where tortfeasors conspire to commit an intentional act, nothing in this amendment alters the law and procedures for seeking contribution where applicable.